## SOHN *v.* WATERSON.

In construing a statute of limitations, it must, so far as it affects rights of action in existence when the statute is passed, be held, in the absence of contrary provision, to begin when the cause of action is first subjected to its operation.

Hence, when a right of action accrued in 1854 and a statute of limitations passed in 1859 barred all actions of its kind not "commenced within two years next after the cause or right of such action shall have accrued," *held*, that the cause of action began to run from the date of the statute, and that suit might have been brought any time within two years from that date, and, accordingly, that the statute had not summarily cut off existing rights; thus making itself unconstitutional.

ERROR to the Circuit Court for the District of Kansas; the case, as appeared by the pleadings, being thus:

In 1854, one Sohn, a citizen of Ohio, obtained a judgment in one of the courts of the State named against a certain

Waterson. Soon after this Waterson went to Kansas, and from 1854 became and remained a citizen of that State.

On the 10th of February, 1859, four years or more after the judgment in Ohio was obtained, the legislature of Kansas passed a statute which enacted: [1]

" That all actions founded on any promissory note, bill of exchange, writing obligatory, bond, contract, judgment, decree, or other legal liability, made, executed, rendered, &c., beyond the limits of this Territory, shall be commenced within two years next after the cause or right of such action shall have accrued, and not after."

This statute being on the statute-book, and Waterson being now, as already mentioned, a citizen of Kansas, Sohn, still a citizen of Ohio, in 1870 sued him in the court below to recover the amount of the judgment which he had obtained against him in Ohio, A.D. 1854.

The defendant pleaded the above-quoted statute of limitations of the State of Kansas, namely, that the action did not accrue within two years next before the commencement of the suit. The plaintiff demurred to this plea, and upon this demurrer judgment was rendered for the defendant.

The court below said:

" As the defendant was a resident of this State when the act of February 10th, 1859, took effect, it is our opinion that the two years' limitation therein provided began to run in favor of the defendant as against the present cause of action from that period, and that this action might have been brought at any time within two years after that act went into operation. Not having been brought within that period it was barred."

*Mr. J. B. Sanborn, for the plaintiff in error:*

We must interpret the Kansas statute according to what its words say, and infer, as a purpose, what the legislature of the State has in plain terms indicated to be the intent. Thus interpreted the statute attempts to bar summarily an existing right of action. This is within the constitutional inhibition, that " no State shall pass a law impairing the obligation of contracts." A reasonable opportunity must be

afforded to parties to try all rights of action existing when such a law passed.*

The court below sought to give a semi-prospective operation to the act; but if the act is to be interpreted prospectively at all, it must be interpreted so wholly; and this would have the effect of restricting its application to actions accruing after its passage. Such assuredly was not the purpose of the legislature, if we may judge by what it says. The act was meant to operate generally; and so operating, it cannot, as we have said, be sustained as to rights of action existing when it was passed.

*Mr. Thomas Ewing, contra.*

Mr. Justice BRADLEY delivered the opinion of the court.

The plaintiff contends that the statute of Kansas cannot apply to actions which accrued more than two years before its passage, because it would cut them off and defeat them altogether, and would thus impair the obligation of contracts.

A literal interpretation of the statute would have this effect. But it is evident that the legislature could not have had any such intention. The court below held, that as the defendant was a resident of Kansas when the act took effect, the time of limitation began to run in his favor as against the present cause of action from that period; and that the action might have been brought at any time within two years afterwards; and not having been brought within that period it was barred. In other words, the court held that the act was prospective in its operation, and affected existing causes of action only from the time of its passage. This seems to us a reasonable construction and one that prevents the legislative intent from being frustrated. " Words in a statute," says Justice Paterson, " ought not to have a retrospective operation, unless they are so clear, strong, and imperative that no other meaning can be annexed to them, or unless the intention of the legislature cannot be otherwise

---

* Cooley's Constitutional Limitations, 2d edition, p. 366.

satisfied."*    And this rule is repeated by this court in *Har-. vey* v. *Tyler,*† where it is said : " It is a rule of construction that all statutes are to be considered prospective, unless the language is express to the contrary, or there is a necessary implication to that effect."

The plaintiff contends that the application of this rule to the statute in question would have the effect of restricting its application to actions accruing after the passage of the act.   But this is not a necessary conclusion.

. A statute of limitations may undoubtedly have effect upon actions which have already accrued as well as upon actions which accrue after its passage.   Whether it does so or not will depend upon the language of the act, and the apparent . intent of the legislature to be gathered therefrom.   When a statute declares generally that no action, or no action of a certain class shall be brought, except within a certain limited time after it shall have accrued, the language of the statute would make it apply to past actions as well as to those aris- ing in the future.   But if an action accrued more than the limited time before the statute was passed a literal interpre- tation of the statute would have the effect of absolutely bar- ring such action at once.   It will be presumed that such was not the intent of the legislature.   Such an intent would be unconstitutional.   To avoid such a result, and to give the statute a construction that will enable it to stand, courts have given it a prospective operation.   In doing this, three different modes have been adopted by different courts.   One . is to make the statute apply only to causes of action arising after its passage. . But as this construction leaves all actions existing at the passage of the act, without any limitation at all (which, it is presumed, could not have been intended), another rule adopted is, to construe the statute as applying to such existing actions only as have already run out a por- tion of the statutory time, but which still have a reasonable time left for prosecution before the statutory time expires— which reasonable time is to be estimated by the court—leav-

---

* United States *v.* Heth, 3 Cranch, 413.          † 2 Wallace, 347.

ing all other actions accruing prior to the statute unaffected by it. The latter rule does not seem to be founded on any better principle than the former. It still leaves a large class of actions entirely unprovided with any limitation whatever, or, as to them, is unconstitutional, and is a more arbitrary rule than the first. A third construction is that which was adopted by the court below in this case, and which we regard as much more sound than either of the others. It was substantially adopted by this court in the cases of *Ross* v. *Duval** and *Lewis* v. *Lewis*.† In those cases certain statutes of limitation—one in Virginia and the other in Illinois—had originally excepted from their operation non-residents of the State, but this exception had been afterwards repealed; and this court held that the non-resident parties had the full statutory time to bring their actions after the repealing acts were passed, although such actions may have accrued at an earlier period. "The question is," says C. J. Taney (speaking in the latter of the cases just cited), "from what time is this limitation to be calculated? Upon principle, it would seem to be clear, that it must commence when the cause of action is first subjected to the operation of the statute, unless the legislature has otherwise provided." It is true, that in the subsequent case of *Murray* v. *Gibson*,‡ this court followed the decisions of the Supreme Court of Mississippi in its construction of a statute of that State, and held that it applied only to actions accruing after the statute was passed. But that decision was made in express deference to those of the State court, which were regarded as authoritative. In the present case we are not bound by any decisive construction of the State court on this point.

JUDGMENT AFFIRMED.

---

* 13 Peters, 62.          † 7 Howard, 778.          ‡ 15 Id. 421.