**CHISHOLM v. CHEROKEE–SEMINOLE S. S. CORPORATION et al.**

District Court, S. D. New York.

Nov. 6, 1940.

William L. Standard, of New York City, for plaintiff.

Burlingham, Veeder, Clark & Hupper, of New York City (C. B. M. O'Kelley, of New York City, of counsel), for defendants.

COXE, District Judge.

The complaint in this action contains two causes of action, one for maintenance and cure, and the other for damages for personal injuries, under the Jones Act. The defendants have moved to dismiss the Jones Act cause of action on the ground that it is barred by limitation.

It is alleged in the complaint that the plaintiff was injured on June 14, 1938. The action was commenced on July 26, 1940, or within three years after the cause of action accrued.

The Jones Act incorporated by reference the provisions of the Employers' Liability Act, 46 U.S.C.A. § 688. The limitation period for commencing an action under this latter act was originally two years, 45 U.S.C.A. § 56, but the period was increased to three years by amendment which became effective on August 11, 1939. 53 Stats. 1404, § 2.

The defendants insist that the plaintiff is not entitled to the benefit of the 1939 amendment.

■ It is first argued that the amendment of the Employers' Liability Act had no effect on the limitation period for commencing an action under the Jones Act. But the Jones Act specifically provides that in an action by the injured seaman "all statutes of the United States modifying or extending the common-law right or remedy in cases of personal injury to railway employees shall apply". 46 U.S.C.A. § 688. This was remedial legislation which called for liberal construction. The Arizona v. Anelich, 298 U.S. 110, 56 S.Ct. 707, 80 L.Ed.

1075. It clearly was intended to cover later changes in the Employers' Liability Act. I do not think that In re Heath, 144 U.S. 92, 12 S.Ct. 615, 36 L.Ed. 358, cited by the defendants, has any application. We are not dealing here with a local law of uncertain meaning, but with a general law which is perfectly clear.

 It is also urged by the defendants that they have in some way a vested right to the two-year limitation period. The cases cited in support of the contention either involved property rights or had to do with the creation of a new liability. With the present statute, all that the amendment did was to extend the limitation period from two to three years. The right of the plaintiff to bring suit had not been extinguished when the amendment took effect, and I can see no good reason why he should not have the benefit of the three year limitation period. Watson v. Forty-second St., etc., R. R. Co., 93 N.Y. 522.

The defendants' motion to dismiss the second cause of action is denied.