## GAHLING v. COLABEE S. S. CO. et al.

### No. 1038.

District Court, E. D. Pennsylvania.

March 24, 1941.

Charles Lakatos and Freedman & Goldstein, all of Philadelphia, Pa., for plaintiff.

Robert G. Kelly and Conlen, LaBrum & Beechwood, all of Philadelphia, Pa., for defendants.

BARD, District Judge.

This action comes before the court at this time on plaintiff's motion for leave to amend his complaint.

The plaintiff is a seaman. The complaint was filed on August 5, 1940, and contained two causes of action. Damages for personal injuries are sought to be recovered under section 33 of the Act of June 5, 1920, 41 Stat. 1007, 46 U.S.C.A. § 688, generally known as the Jones Act. The other cause is for maintenance and cure.

It is alleged in the original complaint that the plaintiff was employed by defendants for a period beginning on or about May 18, 1939, as a second cook aboard the S. S. Colabee, and that certain injuries were sustained in the course of that employment as a consequence of improper working and living conditions and of exposure to sulphur.

Leave to amend is sought in order that an allegation of employment for another period which began on October 7, 1938, may be incorporated into the complaint. Counsel for the plaintiff were unaware of this particular when the original complaint was filed, and deem such an allegation a material and integral part of the plaintiff's cause. It is argued that refusal of leave to amend will prejudice the plaintiff unduly.

The defendant contends that leave to amend should be refused because at the time of filing the motion more than two years had passed since the earlier time of employment, and because amendment would unduly prejudice the defendant.

By the express terms of the Jones Act "* * * all statutes of the United States modifying or extending the common-law right or remedy in cases of personal injury to railway employees shall apply; * * *." The Employers' Liability Act,[1] requiring the commencement of an action within two years from the day the cause of action accrued, was amended August 11,

[1] Act of April 5, 1910, c. 143, § 1, 36 Stat. 291, 45 U.S.C.A. § 56.

1939,[2] extending the period of limitation of actions to three years.

The cause of action, as the amended complaint would state it, accrued October 7, 1938, less than two years prior to the amendment of August 11, 1939, and less than three years prior to the date of the motion to amend the complaint. At the time this cause of action accrued, the period of limitation was two years. This period expired before the filing of the instant motion. The three-year period which was enacted in the interim will not expire, however, until October 7, 1941.

I think the motion to amend should be granted.

The defendant argues that the amendatory statute did not and could not extend the period of limitation of a cause of action which accrued prior to its enactment, despite the fact that the existing period of limitation had not expired at the time of the enactment of the new period.

It was stated in Oliver v. Calmar S. S. Co., D.C., 33 F.Supp. 356, that the period of limitation fixed by the Act of April 5, 1910, is not a mere limitation, that the expiration of the defined period extinguishes the right to sue. It was also stated that this result may not be waived. Judge Kalodner decided that a legislative extension of the period could not revive a cause of action which accrued more than two years before the extension was enacted. With this I agree.

In the recent case of Chisholm v. Cherokee-Seminole Steamship Corporation, D.C. S.D.N.Y. November 6, 1940, 36 F.Supp. 967, 1940 A.M.C. 1580, it was decided that a plaintiff was entitled to the three-year period where the right to bring suit had not been extinguished by passage of the two-year period before the enactment of the amendment extending the length of the period to three years. In this respect, there appears no distinction between the Chisholm case and the instant case, and I am decided to accept the conclusion of Judge Coxe in that case.

■ In Carscadden v. Territory of Alaska, 9 Cir., 105 F.2d 377, it is stated that whether or not a statute of limitations operates on actions which have already accrued, as well as on those accruing after its enactment, depends on the language of the statute and the apparent intent of the Legislature to be gathered therefrom. Earlier authorities enunciated the rule that all statutes are to be considered prospective, unless the language is expressly to the contrary, or there is a necessary implication to that effect. Sohn v. Waterson, 17 Wall. 596, 84 U.S. 596, 21 L.Ed. 737; Wrightman v. Boone County, 8 Cir., 88 F. 435; American Mutual Liability Ins. Co. of Boston v. Lowe, 3 Cir., 85 F.2d 625. However, it has been held that the fact that the Congress made no exception with respect to existing rights raises a strong presumption that it intended to make none. Sohn v. Waterson, supra; Wrightman v. Boone County, supra; The Fred Smartley, Jr., 4 Cir., 108 F.2d 603.

The instant statute made no exception with respect to existing rights. I recognize that the cases cited in this regard are not directly in point, since they dealt with rights the prosecution of which had theretofore been subject to no time limitation, but I view them as persuasive. Coupled with the recent decision in Chisholm v. Cherokee-Seminole Steamship Co., supra, they recommend a conclusion that the plaintiff is entitled to the advantage of the extended period. The amendatory statute did not create a new right nor revive a right that had been extinguished. The plaintiff had a right of action which he could exercise any time before October 7, 1940. Before this right was extinguished Congress extended the time within which the plaintiff could exercise his existing right. This affects merely his remedy and not his right.

A grant of leave to amend will bring before the court all matters pertinent to the alleged injury. This seems proper. It appears that the defendant will be prejudiced only to the extent that its depositions already taken may now prove incomplete. This does not move me to disallow the amendment. Substantive rights of the defendant will not be affected.

The motion must be and hereby is granted.

---

2 c. 685, § 2, 53 Stat. 1404, 45 U.S.C.A. § 56.