## CALLAHAN v. CHESAPEAKE & O. RY. CO.
### No. 46.

District Court, E. D. Kentucky, Covington.
Sept. 6, 1941.

Sawyer A. Smith, of Covington, Ky., for plaintiff.

Galvin & Tracy, of Cincinnati, Ohio, for defendant.

SWINFORD, District Judge.

The case is before me on the defendant's motion to dismiss the complaint. The action is brought under and pursuant to the provisions of the Federal Employer's Liability Act, Title 45 U.S.C.A. Sections 51 to 59 inclusive.

The alleged injury occurred on October 8, 1937. At that time the Act in question provided: "No action shall be maintained under this chapter unless commenced within two years from the day the cause of action accrued." Section 56.

On August 11, 1939, an amendment to the Act became effective which provided: "No action shall be maintained under this chapter unless commenced within three years from the day the cause of action accrued."

This action was commenced October 5, 1940. It will thus be seen that the statute was changed from two years' limitation to three years' limitation before the two years had expired and that plaintiff commenced his action after the two years had expired but within three years from the time the action accrued.

This question of limitation embodied in the Act giving the remedy is a jurisdictional fact which must appear from the face of the complaint.

The plaintiff's remedy arose under the Act that was in effect at the time the alleged injury occurred and not the Act of August 11, 1939. That became the law after the right to seek the remedy which he seeks here had accrued. Had there been no Employer's Liability Act he would have had no cause of action based on the allegations of his complaint. Since he adopts a remedy prescribed by this particular statutory enactment he is bound to assert the prescribed conditions in their entirety. The Act with its ac-

354

companying conditions, which was in existence at the time of the accident, not some later Act with different conditions. The limitation provisions of the Act are an integral part of the remedy which he seeks to assert and must be alleged and proved. Any other construction would present an intolerable condition which would substitute judicial legislation for the constitutional authority of the legislative body through which and only through which this plaintiff ever had the particular remedy. One relying for redress upon a statute must bring the facts alleged within the statutory conditions.

The rule is stated in the syllabus from Morrison v. Baltimore & Ohio Railroad Company, 40 App.D.C. 391, Ann.Cas. 1914C, page 1026, as follows: "Under the Federal Employers' Liability Act of June 11, 1906 (Fed.St.Ann.1909 Supp. p. 585) the time within which the suit must be brought operates as a limitation of the liability itself as created, and not of the remedy alone. It is a condition attached to the right to sue at all. Time has been made of the essence of the right, and the right is lost if the time is disregarded. The liability and the remedy are created by the same statute, and the limitations of the remedy are therefore to be treated as limitations of the right."

This is not a case in which a general statute of limitation is relied upon. In such case the statute must be plead. But it is a case in which the statutory remedy provides as a condition precedent that the action thereon must be commenced within a prescribed time. Such fact is jurisdictional and may be raised by motion to dismiss. Bell v. Wabash Ry. Co., 8 Cir., 58 F.2d 569.

It is a well recognized rule of statutory construction that a law will not be considered retroactive unless such legislative intent clearly appears from the context of the statute itself. Hassett v. Welch, 303 U.S. 303, 58 S.Ct. 559, 82 L.Ed. 858, and cases cited in the opinion in that case.

It is significant that the enactment of August 11, 1939, makes no such provision. Had Congress so intended it would undoubtedly have said so.

The motion to dismiss should be sustained. An order to that effect is this day entered.