## McCLOSKEY & CO. v. ECKART.

### No. 11967.

Circuit Court of Appeals, Fifth Circuit.

Nov. 12, 1947.

258

T. Paine Kelly, Jr., of Tampa, Fla., for appellant.

B. A. Gregory and Donn Gregory, both of Tampa, Fla., for appellee.

Before SIBLEY, HUTCHESON, and HOLMES, Circuit Judges.

SIBLEY, Circuit Judge.

Appellee Eckart on July 9, 1945, sued his employer McCloskey & Co. for $1,002.-13 as liquidated damages arising from delay in paying $1,002.13 overtime earned between Nov. 1, 1942, and Jan. 15, 1943, and also for $100.06 of overtime between July 2, 1944, and Oct. 1, 1944, and a like sum of $100.06 as liquidated damages for delay, all by virtue of the Fair Labor Standards Act, 29 U.S.C.A. § 216(b). He alleged he worked in the payroll department and did work "necessary in handling the accounts of the many employees engaged in constructing ships and boats for use in interstate and foreign commerce for the United States Government in prosecution of the present war"; and that $1002.13 was about May 15, 1945, paid him for actual overtime worked prior to July 1, 1944, but with no damages added; and an itemized schedule of overtime since July 1, 1944, was annexed. Because of the interest of the United States in the matter, the ships being built on a cost plus basis, the United States District Attorney undertook the defense, but for more than four months was unable to obtain instructions from Washington, and after two extensions of time to plead, the Clerk on plaintiff's motion entered a default on Nov. 29, 1945. On that date further time was asked by the district attorney to allow the defendant to file an answer. The request was resisted, and the court said that in view of the circumstances the plaintiff might go ahead and prove his case, but no judgment would be entered for a few days or weeks to enable the Maritime Commission to come in and show they have a defense. The plaintiff's evidence was then heard. On Dec. 6, 1945, a formal motion was filed to open the default and an answer was tendered. The court said the first question was whether a defense was presented; "If so, the Court may permit the case to be opened; but if not, it would be an idle gesture". In addition to the allegations of the answer, counsel made a more detailed statement of the defenses intended to be proved, and the matter was then taken under advisement. On Dec. 21, 1946, a final judgment was rendered, the judge referring in his conclusions of law to each proposed defense and holding that it was not good in law, and giving judgment for the amounts sued for, with attorney's fees. This appeal was taken.

1. There was no formal overruling of the motion to open the default, but the judgment given amounted to a denial of it upon the ground that the defenses offered were not good in law. The opening of a default under Federal Rules, of Civil Procedure, rule 55(c), 28 U.S.C.A. following section 723c, is generally discretionary, but the record indicates that discretion would have been favorably exercised if a good defense had been offered. We accordingly examine the defenses pleaded.

[2] 2. The answer admits that defendant was building ships and boats for use in interstate and foreign commerce and for the United States Government, but denies that plaintiff had correctly stated his duties; averring that until Jan. 16, 1943, he was head payroll clerk, but then became "Head Payroll Supervisor" and his job classification was changed to "Supervision and Clerical", and so continued to the end; and that during all said time his duties were of an executive and administrative character, and he drew a fixed monthly salary which was to be full remuneration for his services regardless of hours required, and not based on forty hours per week, plus eight hours overtime as he alleged. It was denied that any overtime was earned as alleged, at any period. Passing for the present the denials, the defense that Eckart's work was executive and administrative is good for such periods as that can be proven. The Act

excepts from its application "any employee employed in a bona fide executive [or] administrative * * * capacity * * * as * * * defined * * * by regulations of the Administrator", 29 U.S.C.A. § 213(a). The regulations are stated and applied in Smith v. Porter, 8 Cir., 143 F.2d 292. Whether Eckart was within the exception presents a mixed question of law and fact which might be decided favorably to this defense and ought to be tried out.

■■■ 3. It is argued that the payment of $1002.06 in 1945 is a conclusive admission that overtime to that amount had been earned prior to July 1, 1944, and was due under the Act, so that the penalty in like amount is recoverable as a matter of law. The answer denies that any overtime was in fact due under the Act, but that a dispute existed about it, and that the $1002.06 was paid as a compromise of the entire dispute, and a sealed release executed which is exhibited. The release recites that there was dispute whether Eckart's claim was covered by the Act, and as to the number of hours overtime worked, and the rate of compensation, and that employee and employer had agreed on an adjustment of all such disputes and a compromise settlement of the number of hours of overtime actually worked and the rate of overtime compensation, "as well as the total amount and other terms of the liquidation of such claims, with the distinct and mutual understanding, however, that such adjustment shall not be considered nor be a recognition in any respect by the employer of any legal obligation or responsibility therefor under the existing facts and circumstances." The words of release are "I * * * in consideration of the sum of $1002.13 * * * as a compromise settlement do hereby release and forever discharge * * * the said McCloskey & Co. * * * from any and all claims and demands of whatsoever character or nature, arising out of or accruing in connection with my employment at the Hookers Point Shipyard, Tampa, Florida, and particularly under the Fair Labor Standards Act, including but not limited to all wages, compensation and other charges." The release is dated Dec. 14, 1944, and refers to no other date. It covers, as "other charges", dam-

ages as well as wages, and includes all the periods of time mentioned in the petition. Just as an offer of compromise is not admitted in evidence ordinarily to show liability, so an accomplished compromise proves nothing but that peace was bought. See Hughes v. Daniel, 187 Ala. 41, 65 So. 518; Ross c. Fishstine, 277 Mass. 87, 177 N.E. 811; Bedner v. Federal Underwriters Exchange, Civ.App., 133 S.W.2d 214. In the present case it was stipulated expressly that no admission of legal liability was intended. The contention that $1002.13 damages was thereby shown to be due as a matter of law cannot be sustained, even under the law as it stood at the time of trial. All overtime earned and all application of the act was moreover denied by the answer, putting the burden of proof on the plaintiff, and since no sufficient evidence was introduced no case was ever made for the judgment rendered.

■■■ 4. But on appeal, by a well-settled rule, we must judge the case by the present law, and not by that existing at the time of the trial. Since the trial the so-called Portal-to-Portal Act, 29 U.S.C.A. § 251 et seq., approved May 14, 1947, has been passed. In Section 3, compromises of rights and waivers of damages under the Fair Labor Standards Act are dealt with, and so far from nullifying them as contrary to the policy of the law, as was held by some courts, such compromises and waivers are, to the extent therein provided, approved and given effect by the policy-making organ of the Government, to-wit, the Congress. As to those made subsequent to the Act, Sect. 3(c) provides: "Any such compromise or waiver, in the absence of fraud or duress, shall, according to the terms thereof, be a complete satisfaction of such cause of action and a complete bar to any action based on such cause of action." Subsection (d) adds: "The provisions of this section shall also be applicable to any compromise or waiver heretofore so made or given." This release, therefore, so far from being a sufficient basis of recovery in this case, on its face bars recovery.

■■■ 5. The Florida one year statute of limitations was also pleaded. Apparently under the Portal-to-Portal Act the State

law still furnishes the applicable limitation. It would bar recovery as to the greater part of the claim; but the counter contention is made that some part accrued before the statute was enacted which reduced the limitation period from three years to one, and that it should not be retroactively applied. The further contention is advanced that the payment on Dec. 14, 1944, of the $1002.13 was a part payment which gave the claim a new starting point for limitation. As to the first contention, the statute amending the limitation period to one year was passed in 1943, and makes the former law, Sect. 95.11 of Florida Statutes of 1941, to read: "Actions other than those for the recovery of real property can only be commenced as follows: * * * (7) Within one year * * * (b) Suits for the recovery of wages, overtime, or damages and penalties accruing under laws respecting the payment of wages and overtime." F.S.A. § 95.11. It has often been held that there is no vested right in the statute of limitations of force when a cause of complaint accrues, and the period allowed for suit may be first imposed or shortened provided a reasonable time is allowed for suit. 34 Am.Jur., Limitations, Sections 17, 27, 28. One year has never been held unreasonable, Id. Sections 21, 25, and is plainly not so for claims for wages. But a limitation statute will not be retroactively applied to cover causes of action already in existence unless that intent is clear. Sohn v. Watceerson, 17 Wall. 596, 21 L.Ed. 737; United States v. St. Louis, S. F. & T. Ry. Co., 270 U.S. 1, 46 S.Ct. 182, 70 L.Ed. 435; 34 Am.Jur., Limitations, Sections 32, 43. We have not access to the amending act and cannot well weigh its intent. The Portal-to-Portal Act has intervened also, and its application as to limitation, if any, has not been discussed. We leave the applicable period of limitations open for consideration on another trial, if necessary.

■ The compromise payment of $1002.-13 on December 14, 1944, we now hold to afford no basis for implying a new promise from the part payment, to pay the whole debt. It was not paid and received, according to the written release, as part payment of the original claim, but as the full pay-

ment of the contract of compromise. The ground on which a voluntary part payment is considered a new promise which gives a new starting point for limitation wholly fails here. See 34 Am.Jur., Limitations, Section 333.

The default should be opened and the case tried under the principles we have pointed out, in so far as under the evidence produced they prove applicable. The judgment is reversed and the cause remanded for further proceedings consistent with this opinion.

Reversed.