447 So.2d 257 (1983)
ORPHEUS INVESTMENTS, S.A., Appellant,
v.
RYEGON INVESTMENTS, INC., a Florida Corporation, and Rigo Investments, Inc., a Florida Corporation, in Their Corporate Capacity and Doing Business As Champlain Towers North Associates, a Florida General Partnership, Appellees.
No. 83-79.
District Court of Appeal of Florida, Third District.
October 18, 1983.
*258 Fine, Jacobson, Block, Klein, Colan & Simon and Mitchell R. Bloomberg, Daniel Retter, Miami, for appellant.
Buchbinder & Elegant, P.A., and Harris J. Buchbinder, Miami, for appellees.
Before SCHWARTZ, C.J., and DANIEL S. PEARSON and JORGENSON, JJ.
JORGENSON, Judge.
This appeal presents the question of whether the trial court properly applied the limitation of action period to time bar a complaint filed pursuant to the Interstate Land Sales Full Disclosure Act. In light of the facts and applicable law we find that the trial court did not err and, therefore, affirm.
On January 30, 1980, Orpheus Investments contracted to purchase a condominium from Ryegon Investments and Rigo Investments. It is alleged that at the time the contract of sale was entered into Ryegon and Rigo had failed to comply with certain requirements of the Interstate Land Sales Full Disclosure Act [of 1968], Pub.L. No. 90-448, §§ 1401-22, 82 Stat. 590-99 (1968) (current version at 15 U.S.C. §§ 1701-20 (1982)) [hereinafter cited as 1968 Act], thereby bestowing upon Orpheus the option of equitable relief from the contract, see 1968 Act §§ 1404, 1410. On May 15, 1980, Orpheus made the last of multiple deposit payments required by the contract of sale. Contained within the 1968 Act as these events occurred, and enacted contemporaneously with the other provisions of the 1968 Act, was a two-year limitation of action period. See 1968 Act § 1412. On June 21, 1980, however, certain amendments to the 1968 Act became effective, see Housing and Community Development Amendments of 1979, Pub.L. No. 96-153, §§ 401-10, 93 Stat. 1122-32 (1979) (codified in current version at 15 U.S.C. §§ 1701-20 (1982) [hereinafter cited as 15 U.S.C.], including an amendment which increased the applicable limitation of action period to three years, see 15 U.S.C. § 1711. On May 7, 1982, Orpheus began an action for rescission of the contract of sale, invoking in its complaint "15 U.S.C. § 1701 et seq." Ryegon and Rigo's motion to dismiss the complaint on the ground that it was filed more than two years after the formation of the contract of sale was granted.
*259 Orpheus argues that its complaint was timely because (1) the limitation of action period did not begin to run until May 15, 1980, when the last deposit payment was made and (2) if the limitation of action period did begin to run on January 30, 1980, the amendment increasing the limitation of action period from two to three years should be applied retroactively to include Orpheus's cause of action although it arose prior to the effective date of the amendment.
When an action founded upon a congressionally-created right is brought in a state court, as is the case here, the state court will apply the relevant federal statute of limitation along with the federal rules on tolling and other ancillary matters. See Burnett v. New York Central Railroad, 380 U.S. 424, 85 S.Ct. 1050, 13 L.Ed.2d 941 (1965); Engel v. Davenport, 271 U.S. 33, 46 S.Ct. 410, 70 L.Ed. 813 (1926); Mayfield v. Richards, 115 U.S. 137, 5 S.Ct. 1187, 29 L.Ed. 334 (1885); Mitchell v. Clark, 110 U.S. 633, 4 S.Ct. 170, 28 L.Ed. 279 (1884); 51 Am.Jur.2d Limitation of Actions § 75 (1970); 10 Fla.Jur.2d Conflict of Law § 49 (1979).
The 1968 Act, which was in effect during the period of January 30 to May 15, 1980 (on one of which dates, it is alleged, the limitation of action period began to run), created a new right of action not available at common law, a right of action upon which Orpheus rests its complaint. The 1968 Act provides that failure to comply with those requirements of the 1968 Act which Ryegon and Rigo allegedly failed to comply with constitutes an actionable violation of the 1968 Act if the compliance does not occur "in advance of the signing of any contract or agreement for sale," 1968 Act § 1404(a)(1). By the language of the 1968 Act, the violations Orpheus complains of are of such a nature that they can only occur, they in fact spring into being, at the moment the contract of sale is entered into. The omissions become such at the moment of contract formation, not at some later moment of contract fulfillment. The alleged violations upon which Orpheus based its complaint occurred, if at all, on January 30, 1980, when the contract of sale was entered into, and not on May 15, 1980, when Orpheus made its last deposit payment. The two-year limitation of action period, therefore, began to run on January 30, 1980. See also Aldrich v. McCulloch Properties, Inc., 627 F.2d 1036 (10th Cir.1980) (limitation of action period of the 1968 Act begins to run upon contract formation), and the cases cited therein; H.R.Rep. No. 96-706, 96th Cong., 1st Sess. 88, reprinted in 1979 U.S.Code Cong. & Ad.News 2402, 2447 (explaining the 1979 amendment as enacted and rejecting an earlier version of the amendment which would have delayed the beginning of the limitation of action period until the last payment on the contract of sale or until conveyance of the deed, whichever occurred first).
The question remaining is whether, once the two-year limitation of action period began to run, the subsequent extension of the limitation of action period to three years retroactively included the already running period, that is, whether the amendment "applies to causes of action that were in existence at the time the amendment became effective," Wisbey v. American Community Stores Corp., 288 F. Supp. 728 (D.Neb. 1968).[1]Wisbey contains the most recent and the only extensive survey of this issue from a federal perspective. Limitation of action periods, Wisbey tells us, may be divided into two categories: those that affect the right of action and those that affect merely the remedy which is sought in bringing the action. The former *260 are distinguishable from the latter in that they attack not the remedy, but the right, and are a condition of liability itself. Id. at 732. This comparatively rare breed of limitation of action period may be found where a right of action unknown to the common law is created by statute, and by the same statute the time for the enforcement of the right is fixed. Id. at 734. When, in enacting an amendment lengthening a limitation of action period which affects a remedy only, Congress makes no exception with respect to existing rights, a strong presumption is raised that it intended to make none, and the amendment will be applied retroactively. Id. at 733.[2] But when the sort of limitation of action period which affects the right itself is amended, it has been the rule that the amendment will not be given retroactive application. Id. at 733-34. Compare Gahling v. Colabee Steamship Co., 37 F. Supp. 759 (E.D.Pa. 1941) (remedy) and Chisholm v. Cherokee-Seminole Steamship Corp., 36 F. Supp. 967 (S.D.N.Y. 1940) (remedy) with Bell v. Wabash Railway, 58 F.2d 569 (8th Cir.1932) (right) and Callahan v. Chesapeake & Ohio Railway, 40 F. Supp. 353 (E.D.Ky. 1941) (right). The determinative test, when the right is congressionally created, is the location in the statutory scheme of the language creating the limitation of action period. Wisbey at 735. In Wisbey, as in Gahling and Chisholm, the limitation of action period under consideration was located in a statute of limitation separate and distinct from the statute creating the right, and was therefore given retroactive application. Another federal court, in considering the same limitation of action period as that in Wisbey and reaching the same result, observed that the limitation of action period and the right were not only located in different statutes, but were enacted on different dates. See Jackson v. Airways Parking Co., 297 F. Supp. 1366 (N.D.Ga. 1969). Here, however, as in Bell and Callahan, the limitation of action period is contained within the statute creating the right, and the two were enacted contemporaneously.
We therefore hold that the limitation of action period here in question is one affecting not only the remedy, but the right itself, that the amendment to the limitation of action period was prospective in nature, and that the amendment did not encompass Orpheus's cause of action.
Affirmed.
NOTES
[1] We note that were Florida law here applicable the answer would be, absent an "express, clear or manifest" legislative intent to the contrary, an emphatic "no." See Homemakers, Inc. v. Gonzales, 400 So.2d 965 (Fla. 1981); Alford v. Summerlin, 423 So.2d 482 (Fla. 1st DCA 1982); Regency Wood Condominium, Inc. v. Bessent, Hammock & Ruckman, Inc., 405 So.2d 440 (Fla. 1st DCA 1981). We note also that this restrictive application of enlarged limitation of action periods is the minority view and has been greatly criticized. See Gonzales at 968 (England, J., dissenting); Case Note, 9 Fla.St.U.L.Rev. 707 (1981).
[2] This is the majority view, to which Florida does not subscribe. See note 1, supra.