874 F.2d 1523
 Alberto SARFATI, Plaintiff-Appellant,
v.
WOOD HOLLY ASSOCIATES, a Florida General Partnership and
L.E.D. Development Corp., S.R.L. Development Corp.
and Azalea, Inc., co-partners,
Defendants-Appellees.
 No. 88-5057.
 United States Court of Appeals,
Eleventh Circuit.
 June 13, 1989.
 
 1
 William S. Weisman, Ft. Lauderdale, Fla., for plaintiff-appellant.
 
 
 2
 Maurice M. Garcia, Hollywood, Fla., for defendants-appellees.
 
 
 3
 Appeal From the United States District Court For the Southern District of Florida.
 
 
 4
 Before KRAVITCH and EDMONDSON, Circuit Judges, and HOFFMAN*, Senior District Judge.
 
 WALTER E. HOFFMAN, Senior District Judge:
 
 5
 Alberto Sarfati filed suit in the United States District Court for the Southern District of Florida against Wood Holly Associates ("Wood Holly"), a Florida General Partnership, and its general partners, L.E.D. Development Corp., S.R.L. Development Corp., and Azalea, Inc. Sarfati sought damages and rescission of a Purchase Agreement he entered into with Wood Holly for the purchase of a condominium. The district court granted summary judgment in favor of Wood Holly. We affirm.
 
 FACTS
 
 6
 The following facts are uncontroverted. On April 27, 1980, Wood Holly and Samuel and Esther Herrera entered into a Purchase Agreement for the sale of a condominium, Condominium Parcel Unit No. 604, in Tower One of "The Summit," a condominium complex. On that same date, the Herreras assigned the Purchase Agreement to Alberto and Alegrina Sarfati. The assignment was executed in January, 1982. On March 23, 1982, Wood Holly conveyed the condominium to the Sarfatis. That same day, the Sarfatis executed a mortgage on the condominium in favor of Stockton, Whatley, Davin & Co. ("Stockton"), securing the repayment to Stockton of $122,250.00.
 
 
 7
 On November 15, 1982, Sarfati filed suit pursuant to the Interstate Land Sales Full Disclosure Act ("The Act"), 15 U.S.C. Sec. 1709(a)-(b) (1982).[1] Sarfati claimed that Wood Holly violated section 1703(a)(1)(B) of The Act because it did not provide a property report in advance of the signing of the sales contract.[2] Sarfati further claimed that Wood Holly violated section 1703(c) of The Act because the contract for sale did not contain a provision stating that the purchaser had a right to revoke the contract if no property report had been furnished.[3]
 
 
 8
 Sarfati's cause of action accrued on April 27, 1980, the date the Herreras entered into the Purchase Agreement and assigned it to Mr. and Mrs. Sarfati. At the time Sarfati's cause of action accrued, section 1711 of The Act provided for a two-year statute of limitations period on Sarfati's claims.[4] Sarfati's complaint filed on November 15, 1982 was more than two years after the accrual of his cause of action in April, 1980. However, on June 1, 1980, approximately one month after Sarfati's cause of action accrued, Congress amended section 1711, extending the limitations period to three years.[5] Thus, the amendment extended the limitations period before the prior two-year limitations period had run on Sarfati's claims.
 
 
 9
 Wood Holly, in response to Sarfati's complaint, raised as an affirmative defense that Sarfati's claims were time-barred because the November 15, 1982 filing of his complaint was beyond the two-year statute of limitations in effect at the time Sarfati's cause of action accrued. Sarfati opposed the summary judgment, arguing that the amended three-year limitations period should apply because his claims were not time-barred when the amendment became effective. The district court granted summary judgment in favor of Wood Holly.
 
 
 10
 The sole issue before this Court, therefore, is whether Sarfati's claim should be governed by the two-year limitations period in effect at the time his cause of action accrued or the three-year period enacted by amendment during the time Sarfati's claims were viable.
 
 I.
 
 11
 The standard of review for a motion of summary judgment is whether a genuine issue exists as to any material fact and whether the moving party is entitled to a judgment as a matter of law. Fed.R.Civ.P. 56. A district court's order of summary judgment is independently reviewable by this Court. Mayo v. Engel, 733 F.2d 807, 808 (11th Cir.1984). An appellate court, therefore, must apply the same standard employed by the trial court. BAW Mfg. Co. v. Slaks Fifth Ave., Ltd., 547 F.2d 928, 929-30 (5th Cir.1977).[6] Because the facts are not in dispute, this Court must determine whether the district court erred as a matter of law in granting summary judgment for Wood Holly, the Appellee.
 
 II.
 
 12
 There are two instances when an amended statute of limitations may be applied retroactively to a cause of action that accrued prior to the amendment and which is still in existence at the effective date of the amendment. First, if a limitations statute is remedial or procedural in nature and not a substantive limitation on a statutory right, it may be applied to existing causes of action. Second, the legislature may clearly manifest an intent to have an amended limitations statute apply to existing causes of action.
 
 
 13
 We hold that the district court did not err as a matter of law in granting summary judgment in favor of Wood Holly. The two-year limitations period is applicable to Sarfati's claims because it addresses the statutorily-created right supporting his claims, and because the legislature did not manifest an intent to have the amended three-year period apply to existing causes of action.
 
 
 14
 A. The Statute of Limitations as a Substantive Limit on the Right
 
 
 15
 A statute of limitations that restricts a right created by statute rather than a right at common law generally is deemed to be a substantive limit on the right as opposed to a mere procedural limit on the remedy. See United States ex rel. Texas Portland Cement Co. v. McCord, 233 U.S. 157, 162, 34 S.Ct. 550, 552, 58 L.Ed. 893 (1914); Davis v. Mills, 194 U.S. 451, 454, 24 S.Ct. 692, 693, 48 L.Ed. 1067 (1904); Kozan v. Comstock, 270 F.2d 839, 841 (5th Cir.1959); Bell v. Wabash Ry., 58 F.2d 569, 571 (8th Cir.1932); Bauer v. Johns-Manville Corp., 599 F.Supp. 33, 35 (D.Conn.1984); Wisbey v. American Community Stores Corp., 288 F.Supp. 728, 732 (D.Neb.1968); Orpheus Inv., S.A. v. Ryegon Inv., Inc., 447 So.2d 257, 259-60 (Fla.Dist.Ct.App.1983). In other words, the limitations period is an integral part of the right itself and is a condition on whether the right may be exercised. The Fifth Circuit, in an opinion adopted as binding precedent on the Eleventh Circuit,[7] has stated that an amendment to a limitations period that is an integral part of the right will not be retroactively applied to cover causes of action already in existence, unless the legislature manifests such an intent. See McCloskey & Co. v. Eckart, 164 F.2d 257, 260 (5th Cir.1947) (citing United States v. St. Louis, S.F. & Tex. Ry. Co., 270 U.S. 1, 3, 46 S.Ct. 182, 183, 70 L.Ed. 435 (1926) and Sohn v. Waterson, 84 U.S. (17 Wall.) 596, 599, 21 L.Ed. 737 (1873)); see also Orpheus, 447 So.2d at 260; Callahan v. Chesapeake & O. Ry. Co., 40 F.Supp. 353, 354 (E.D.Ky.1941).
 
 
 16
 All limitations periods that govern rights created by statute, however, are not necessarily substantive limits on the right itself. The limitations period must be contained in the same statute or act in order to be deemed a substantive limit on the right. See Davis, 194 U.S. at 454, 24 S.Ct. at 693; Wisbey, 288 F.Supp. at 732; Callahan, 40 F.Supp. at 353-54, Orpheus, 447 So.2d at 260. Thus, if a right created by statute is in one act and the limitations period is in another act, then the limitations period is presumed not to be an integral part of the right itself. See supra. The limitations period is said to be only a procedural limit on the remedy, and not a substantive limit on the right. In these instances, courts have held that an enactment of or amendment to such a limitations period generally would be applied to causes of action that previously accrued but were still viable. See, e.g., Friel v. Cessna Aircraft Co., 751 F.2d 1037, 1039 (9th Cir.1985); Fust v. Arnar-Stone Labs, Inc., 736 F.2d 1098, 1100 (5th Cir.1984); Bauer, 599 F.Supp. at 35; Wisbey, 288 F.Supp. at 734-35; Gahling v. Colabee S.S. Co., 37 F.Supp. 759, 760 (E.D.Pa.1941); Chisholm v. Cherokee-Seminole S.S. Corp., 36 F.Supp. 967, 967-68 (S.D.N.Y.1940); Orpheus, 447 So.2d at 259-60.
 
 
 17
 There is no dispute that Sarfati's causes of action under The Act are based in congressionally created rights, rather than rights at common law. Sarfati contends, however, that the limitations period affects only the remedy because it is contained in a different section--section 1711--from the rights of action, which are contained in sections 1703(a)(1)(B), (c) and 1709(a)-(b). Accordingly, he claims that the amended three-year limitations period should be applied to his claim.
 
 
 18
 In Orpheus, the Florida District Court of Appeals specifically addressed the issue of whether the amended three-year limitations period in section 1711 of The Act should be applied to a cause of action which accrued prior to the amendment, but was not barred under the prior limitations period. Orpheus, 447 So.2d at 257. The court first noted that The Act created a new right of action not known at common law. Id. at 259. The court held that because the limitations period was contained within the statute which created the right, it addressed the right of action itself, and not merely the remedy. Id. at 260. The court refused, therefore, to apply the amended limitations period to an existing cause of action that accrued prior to the amendment. Id.
 
 
 19
 Sarfati asserts that Orpheus is "bad law" because the court misapplied precedent. He has interpreted several district court cases as supporting his position that section 1711 should be considered a limitation on the remedy. Sarfati primarily relies on the case of Wisbey v. American Community Stores Corp., 288 F.Supp. 728 (D.Neb.1968). In Wisbey, the plaintiff alleged a violation of the Fair Labor Standards Act, 29 U.S.C. Sec. 216(b). The statute of limitations for the claim was contained in the Portal-to-Portal Pay Act of 1947, Sec. 6(a), as amended by 29 U.S.C. Sec. 255(a). Similar to the present facts, the limitations period was extended by amendment while the plaintiff's cause of action was in existence, and the plaintiff wished to avail himself of the longer limitations period. The court found that the right supporting the plaintiff's cause of action was a congressionally created one. The court held, however, that because the limitations period was not contained in the same statute creating the right, it was merely a limit on the remedy, and not the right. Id. at 735. Thus, the court applied the amendment to the plaintiff's cause of action because the limitations period did not go to the right itself. Id.
 
 
 20
 The plaintiff also cited Gahling v. Colabee S.S. Co., 37 F.Supp. 759 (E.D.Pa.1941) and Chisholm v. Cherokee-Seminole S.S. Corp., 36 F.Supp. 967 (S.D.N.Y.1940). Both of these cases involved causes of action under the Jones Act, 46 U.S.C.App. Sec. 688. The limitations period governing causes of action under the Jones Act was found in the Federal Employers' Liability Act, Sec. 6, as amended by 45 U.S.C. Sec. 56. Again, the limitations period existed in a separate statute. Both courts found that the limitations statute was remedial legislation which could be applied retroactively to existing causes of action. Chisholm, at 967; Gahling, at 760.
 
 
 21
 Sarfati incorrectly interprets this precedent as supporting his position. We agree with the court's interpretation of these cases in Orpheus. In each case, the court was addressing a limitations period that was contained in a statute or act distinct from the statute or act creating the right sued under. These courts, therefore, were addressing remedial limitations periods which are generally presumed to apply retroactively to existing causes of action.
 
 
 22
 It is true, as Sarfati contends, that the limitation section--section 1711--in the present action is distinct from the section creating the rights Sarfati sues under--sections 1703(a)(1)(B), (c) and 1709(a)-(b). However, all of these sections are contained in the same Act--the Interstate Land Sales Full Disclosure Act. The limitation section, therefore, goes to the right itself, and an amendment to that section should not be applied retroactively to causes of action existing at the effective date of the amendment. See McCloskey & Co., 164 F.2d at 260 (citing Sohn, 84 U.S. (17 Wall.) at 599); Callahan, 40 F.Supp. at 353-354; cf. Davis, 194 U.S. at 454, 24 S.Ct. at 693.
 
 
 23
 We are left with the issue of whether Congress intended the amended limitations statute to apply retroactively to existing causes of action. For even a limitations statute that is an integral part of a right may be applied retroactively to existing causes of action if Congress manifested such an intent.
 
 
 24
 B. Legislative Intent Surrounding Section 1711
 
 
 25
 Sarfati cites Gahling and Chisholm for the proposition that Congress intended to apply the amendment to section 1711 to existing causes of action. These courts held that it would be presumed that Congress intended an amended limitations statute to apply to existing causes of action. See Gahling, 37 F.Supp. at 760; cf. Chisholm, 36 F.Supp. at 968. The plaintiff, however, erroneously relies on this precedent. As stated above, Gahling and Chisholm involved limitations statutes that were not substantive limits on the right. The reasoning employed in those decisions, therefore, does not apply to the facts of this case. In fact, Gahling and Chisholm do nothing more than reaffirm the general position that amendments to remedial statutes of limitations are to be applied retroactively to existing causes of action.
 
 
 26
 The Supreme Court has not specifically addressed the issue of whether an amended limitations period that affects a right created by statute may be applied retroactively to existing causes of action. The Court, however, has addressed the analogous issue of whether a newly enacted statute of limitations may be applied retroactively to existing causes of action. The Court's interpretation of legislative intent on this matter is that statutes generally operate prospectively only, unless the legislature indicates a contrary intent. See Russell v. United States, 278 U.S. 181, 187-88, 49 S.Ct. 121, 122-23, 73 L.Ed. 255 (1929); St. Louis, S.F. & Tex. Ry. Co., 270 U.S. at 3, 46 S.Ct. at 183; Union Pacific R.R. Co. v. Laramie Stock Yards Co., 231 U.S. 190, 199-203, 34 S.Ct. 101, 102-104, 58 L.Ed. 179 (1913); see also Fordham v. Belcher Towing Co., 710 F.2d 709, 710 (11th Cir.1983) (citing Miller v. United States, 294 U.S. 435, 439, 55 S.Ct. 440, 441, 79 L.Ed. 977 (1935)); McCloskey & Co., 164 F.2d at 260 (5th Cir.1947). Also, the Court has indicated that a limitations statute which substantively limits the right will not be applied retroactively to cover causes of action already in existence at the time of enactment absent a clear legislative intent. See St. Louis, S.F. & Tex. Ry., 270 U.S. at 3, 46 S.Ct. at 183 (finding that statute of limitations under Federal Transportation Act does not apply to causes of action existing at time of enactment); Sohn, 84 U.S. (17 Wall.) at 599; cf. Russell, 278 U.S. at 187-88, 49 S.Ct. at 122-23 (noting that extension of limitations period under Federal Revenue Act not applicable to claims fixed under earlier provision); see also McCloskey & Co., 164 F.2d at 260 (stating that statute of limitations under Fair Labor Standards Act would not be applied retroactively to cause of action existing at time of amendment).
 
 
 27
 The amendment to section 1711 makes no provision for application of the three-year limitations period to causes of action in existence on its effective date.[8] Nor does the legislative history indicate that Congress intended such an application. Thus, we can give only prospective effect to the amended section 1711 and must apply the two-year limitations period to Sarfati's cause of action.
 
 III.
 
 28
 The limitations period contained in section 1711 is contained within the same Act as those rights under which Sarfati sues. Section 1711, therefore, is an integral part of the rights found in sections 1703(a)(1)(B), (c) and 1709(a)-(b). An amendment to such a limitations period should not be applied retroactively to an existing cause of action unless the legislature manifests such an intent. The legislature has not indicated such an intent. Consequently, the two-year statute of limitations in effect at the time Sarfati's cause of action accrued governs his claims. Because Sarfati's claims were filed more than two years after the accrual of his cause of action, we must affirm the district court's order of summary judgment in favor of Wood Holly.
 
 
 29
 AFFIRMED.
 
 
 
 *
 The Honorable Walter E. Hoffman, Senior U.S. District Judge for the Eastern District of Virginia, sitting by designation
 
 
 [1]
 Section 1709(a)-(b) provides the following:
 (a) A purchaser or lessee may bring an action at law or in equity against a developer or agent if the sale or lease was made in violation of section 1703(a) of this title....
 (b) A purchaser or lessee may bring an action at law or in equity against the seller or lessor to enforce any right under subsection (b), (c), (d), or (e) of section 1703 of this title.
 15 U.S.C. Sec. 1709(a)-(b) (1982).
 
 
 [2]
 Section 1703(a)(1)(B) provides the following:
 (a) It shall be unlawful for any developer or agent, directly or indirectly, to make use of any means or instruments of transportation or communication in interstate commerce, or of the mails--
 (1) with respect to the sale or lease of any lot not exempt under section 1702 of this title-- ...
 (B) to sell or lease any lot unless a printed property report, meeting the requirements of section 1707 of this title, has been furnished to the purchaser or lessee in advance of the signing of any contract or agreement by such purchaser or lessee; ...
 15 U.S.C. Sec. 1703(a)(1)(B) (1982).
 
 
 [3]
 Section 1703(c) provides the following:
 (c) In the case of any contract or agreement for the sale or lease of a lot for which a property report is required by this chapter and the property report has not been given to the purchaser or lessee in advance of his or her signing such contract or agreement, such contract or agreement may be revoked at the option of the purchaser or lessee within two years from the date of such signing, and such contract or agreement shall clearly provide this right.
 15 U.S.C. Sec. 1703(c) (1982).
 
 
 [4]
 Prior to the amendment, section 1711 provided the following:
 No action shall be maintained to enforce any liability created under section 1709(b)(1) of this title, unless brought within two years after the violation upon which it is based....
 15 U.S.C. Sec. 1711 (1976) (current version at 15 U.S.C. Sec. 1711 (1982)).
 
 
 [5]
 The current version of section 1711(a)(1), (b) provides the following:
 (a) No action shall be maintained under section 1709(b) of this title with respect to--
 (1) a violation of subsection (a)(1) or (a)(2)(D) of section 1703 of this title more than three years after the date of signing of the contract of sale or lease; ...
 (b) No action shall be maintained under section 1709 of this title to enforce a right created under subsection (b), (c), (d), or (e) of section 1703 of this title unless brought within three years after the signing of the contract or lease ...
 15 U.S.C. Sec. 1711(a)(1), (b) (1982).
 
 
 [6]
 The Eleventh Circuit, sitting en banc, adopted as binding precedent all decisions by the former Fifth Circuit rendered prior to October 1, 1981. Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir.1981)
 
 
 [7]
 See supra note 6
 
 
 [8]
 It should be noted that although the amendment to section 1711 became effective on June 1, 1980, it was actually enacted on December 21, 1979, which was prior to the accrual of Sarfati's cause of action. Nevertheless, as a general rule of statutory construction, "the existing statute remains in full force during the time between the passage of the amendatory act and the time the amendatory act becomes effective." N. Singer, Sutherland Statutory Construction Sec. 33.02 (4th ed. 1986)
 Regarding the effective date of the amendment, Congress stated the following:
 The amendments made by this title ... shall become effective on the date of regulations implementing such amendments, but in no case later than six months following the dates of enactment of the Act [Dec. 21, 1979], except that section 1403(b)(7) of the Interstate Land Sales Full Disclosure Act, contained in the amendment made by section 402 [section 1702(b)(7) of this title], shall become effective on the date of enactment [Dec. 21, 1979].
 Interstate Land Sales Full Disclosure Act, Pub.L. No. 96-153, Sec. 410, 93 Stat. 1132 (1979) (Emphasis added).
 Thus, if Congress intended that the amendment to section 1711 be effective prior to June 1, 1980, presumably it would have provided for section 1711 what it provided for section 1403(b)(7) (codified as amended at 15 U.S.C. Sec. 1702(b)(7) (1982)).