213 So.2d 585 (1968)
C. Welborn DANIEL, Appellant,
v.
FLORIDA STATE TURNPIKE AUTHORITY, a Body Corporate and Politic of the State of Florida, Appellee.
No. 37042.
Supreme Court of Florida.
July 31, 1968.
Charles S. Ausley of Ausley, Ausley, McMullen, O'Bryan, Michaels & McGehee, Tallahassee, William H. Maness, Jacksonville, and Moore, Henderson, Buchanan & Moore, Tallahassee, for appellant.
Russell Troutman of Fishback, Davis, Dominick, Troutman & Salfi, Orlando, and Gurney & Skofield, Winter Park, for appellee.
ROBERTS, Justice.
This cause is before the court on an interlocutory appeal from an order denying *586 to plaintiff, appellant here, a temporary injunction to halt the operation of so-called tandem trailers on the Sunshine State Parkway. The suit was filed against the defendant Florida State Turnpike Authority, appellee here ("the Authority" hereafter), as a class suit, attacking the validity of the Authority's Resolution, adopted on October 2, 1967, authorizing the operation of tandem trailers on the Sunshine State Parkway and adopting rules and regulations therefor, and of the statute, Sec. 340.23, Fla. Stat., F.S.A., under the authority of which said Resolution was adopted.
The Chancellor, in a well considered opinion, held that the Resolution was not, per se, susceptible to the attack thereon made by the plaintiff and that no showing was made as to the invalidity of Sec. 340.23, Fla. Stat., F.S.A. Noting that the Authority had disclaimed any intention to expend any funds in constructing facilities to be used primarily for the marshalling of tandem trailers before a final hearing in the cause, he denied the application for a temporary injunction. The interlocutory appeal directly to this court followed, as authorized by Section 4 of Article V, Fla. Const., F.S.A.
The plaintiff first contends that the statute, Sec. 340.23, supra, on its face violates Sec. 12 of the Declaration of Rights of the Florida Constitution and the Fourteenth Amendment to the United States Constitution because it fails to provide for notice and a hearing by the Authority prior to the adoption of rules and regulations thereunder. The statute in question, Sec. 340.23, authorizes the Authority to adopt rules and regulations with respect to the use of the various turnpike projects in the state,
"* * * which rules and regulations shall relate to vehicular speeds, loads and sizes, safety devices, rules of the road and such other matters, * * * as may be necessary and proper to regulate traffic in the interest of safety, the maximum convenience of the persons using the project, preservation of a project from unwarranted damage and to carry out the purpose of this chapter. * * * In so far as such rules and regulations may be inconsistent with the provisions of the vehicle and traffic laws of [this state], such rules and regulations shall be controlling. * * *"
It has been settled by this court that the statute does not unlawfully delegate legislative power to the Authority. See State v. Florida State Turnpike Authority, Fla. 1955, 80 So.2d 337, 346. But it cannot be doubted that the power to promulgate rules and regulations to effectuate the general public purpose of the statute is an administrative function that is quasi-legislative in nature, rather than quasi-judicial. This being so, a hearing before the administrative body is not necessarily a sine qua non to the validity of rules and regulations adopted by it pursuant to legislative authority.
Here, the statute expressly provides that the rules and regulations promulgated by the Authority
"* * * shall not take effect until published in a newspaper of general circulation published in Dade County, and such other publications as the authority may determine, and duly filed in the office of the secretary of state." Sec. 340.23(1), Fla. Stat., F.S.A.
and the judicial processes of this state were promptly availed of by the plaintiff to determine the validity of the administrative action sub judice. The Chancellor held, and we agree, that there was nothing in plaintiff's complaint to show that resort to the ordinary processes of law, in the determination of this matter, will in fact amount to a denial of due process of law to the plaintiff. Cf. Florida East Coast Ry. Co. v. State, 1920, 79 Fla. 66, 83 So. 708. Accordingly, the plaintiff's contention in this respect cannot be sustained.
Other Assignments of Error here argued by plaintiff have to do with the interpretation *587 of the statute in question by the Authority. We think no useful purpose would be served by discussing them in detail. It suffices to say that it is well settled that the construction given a statute by the administrative agency charged with its enforcement and interpretation is entitled to great weight, and the court generally will not depart therefrom except for the most cogent reasons and unless clearly erroneous. Miller v. Brewer Co. of Fla., Fla. 1960, 122 So.2d 565. We agree with the learned Chancellor that the Authority's interpretation is not clearly erroneous and should be approved.
It is also contended that the Chancellor erred in holding that the Resolution authorizing the operation of tandem trailers on the Sunshine State Parkway, and the rules and regulations adopted thereunder, are not arbitrary and unreasonable on their face. The Chancellor was not persuaded  nor are we  that such is the case. The Chancellor noted that the reasonableness of the Resolution and rules, and the sufficiency of the factual background to justify their adoption, were questions of fact which remained to be decided upon the basis of evidence to be adduced in the cause by the parties. We find no error in the Chancellor's ruling in this respect.
The contention respecting the repealing of the statute, Sec. 340.23(1), supra, by the adoption in 1963 of the Highway Code, Chapter 63-175, Laws of Florida, is devoid of merit, and the Chancellor did not err in so holding.
For the reasons stated, the order here reviewed should be and it is hereby
Affirmed.
THOMAS, DREW and ERVIN, JJ., concur.
THORNAL, J., concurs with opinion.
MELVIN, Circuit Judge, concurs and agrees with THORNAL, J.
ADAMS, J., dissents.
THORNAL, Justice (concurring):
I concur in the opinion and judgment. However, if this matter were before us for the first time, I would not be inclined to agree that the Legislature can delegate to an administrative agency the rule-making power to repeal statutes. I remain deeply concerned that the last twenty-five years have revealed a legislative tendency to surrender the law-making power to executive and administrative departments. This is done by the simple expedient of authorizing the promulgation of rules. This surrender becomes complete when an administrative board is empowered to nullify a statute by merely adopting a rule. It is one thing for the Legislature to establish certain standards and then authorize a board to adopt rules within those standards. It is an entirely different thing for the Legislature to create a board and then authorize the creature to supersede the enactments of the creator. Such a concept would tend to prove that after all a river can actually rise above its source.
I am concurring because the specific point with reference to the Turnpike Authority has already been acted upon by the Court in State v. Florida State Turnpike Authority, 80 So.2d 337 (Fla. 1955). Public securities have been issued pursuant to this decision and undoubtedly creditors have relied on the opinion. If the problem arises in a different posture, I expect to adhere to the views announced above.
Furthermore, when evidence is taken on the justification for the instant rule, it is my view that the "discretion" of the Authority should be strictly measured by highway traffic standards otherwise set by the Legislature. In other words, an exceptionally strong showing of service to the public welfare should be the test of "reasonableness" as applied to the discretion allowed the appellee Authority.
MELVIN, Circuit Judge, concurs.