QUESTION:
Are municipal employees who are members of National Guard units entitled, under s. 250.48, F.S., to leave of absence without loss of pay, time, or efficiency rating while attending weekend National Guard training during a time when they are scheduled to work?
SUMMARY:
Municipal employees who are members of the Florida National Guard are not entitled under s. 250.48, F.S., to leave of absence without loss of pay, time, or efficiency rating while attending armory drills or weekend National Guard training meetings, but are entitled to such benefits when ordered into the active service of the state under Ch. 250, F.S.
Your question is answered in the negative.
The leave of absence authorized by s. 250.48, F.S., is only applicable to days on which a member of the Florida National Guard is "engaged in active state duty, field exercises or other training ordered under the provisions of this chapter [Ch. 250, F. S.]." (Emphasis supplied.) Active service is defined in s. 250.27 as follows:
"The troops ordered into the service of the state for the enforcement of the law, the preservation of the peace, or for the security of the rights or lives of citizens, protection of property, or ceremonies shall be deemed to be in active service. Officers and enlisted men employed under orders of the governor in recruiting, making tours of instruction, inspection of troops, armories, storehouses, campsites, rifle ranges, and military property, sitting on general or special courts-martial, boards of examination, courts of inquiry or boards of officers or making and assisting in the physical examinations, shall be deemed to be in active service when it is so specified in orders."
It is clear from the foregoing that the weekend training and "armory drill" meetings of the National Guard are not included in the definition of "active service." Furthermore, such meetings do not appear to come within the meaning of the phrase "field exercises," because given its obvious and logical meaning that phrase must be understood as a reference to exercises held in the field and properly ordered to be held under the provisions of Ch.250, F.S., as opposed to exercises held in or about the armory on weekends when not in the active service of the state as contemplated under Ch. 250. Nor does the phrase "other training ordered under the provisions of this act" appear to include the weekend meetings, because there is no provision in Ch. 250 for ordering a member of the National Guard into the service of the state to attend the weekend meetings for training and armory drill and, in fact, such meetings are ordered pursuant to regulations prescribed under federal law [32 U.S.C. § 502(a)(1)]. It is also significant to note that Rule 22A-8.13F of the rules and regulations issued by the Department of Administration governing leave for state employees authorizes the granting of administrative leave to employees who are members of the Florida National Guard "without loss of pay, time, or efficiency rating on all days when
ordered to active service by the state," but specifically provides that the leave authorized by that section does not include "armory drills or multiple training assemblies." (Emphasis supplied.) Rule 22A-8.16B provides that state employees who are members of the National Guard may be granted leave without pay "on all days during which the employee is performing ordered inactive duty training (armory drill or multiple training assemblies)." Although these leave rules do not govern municipal employees, they are indicative of the interpretation placed upon the statutory provision in question by the state agency charged with implementation of the statute, and such interpretations are entitled to great weight. Gay v. Canada Dry Bottling Co. of Florida, 29 So.2d 788 (Fla. 1952); Daniel v. Florida State Turnpike Authority, 213 So.2d 585 (Fla. 1968).
For the foregoing reasons, I am of the view that a municipal employee who is a member of the Florida National Guard is not entitled to the benefits of s. 250.48, F.S., while participating in weekend National Guard training and armory drill meetings. It should also be noted in this regard that the similar benefits provided for by s. 115.07, F.S., are limited to periods when the National Guard members are assigned to "active duty." It is clear from 38 U.S.C. § 101(23) that the weekend training and armory drill meetings of the National Guard are not active duty. Municipal employees are, however, entitled to the benefits of s.250.48 when they are ordered into the active service of the state to perform National Guard duty under provisions such as ss.250.06, 250.28, and 250.49, F.S. Accord: Attorney General Opinion 049-244, Biennial Report of the Attorney General, 1949-1950, p. 331.