QUESTIONS: 1. Do ss. 195.027(3) and 195.084(1) and (2), F.S., require that the various departments of state government, particularly the Department of Agriculture, be required to cooperate and make information available to individual county assessors when such information is deemed necessary by that assessor to arrive at classification and appraisal of property within the county? 2. Would agencies such as the Soil Conservation Service, which is in part subsidized by state and local funds, also be required under ss. 195.027 and 195.084, F.S., to make available such information as is needed to arrive at proper classification and appraisal of property within a county?
SUMMARY: The provisions of ss. 195.027(3), 195.072, and 195.084(1) and (2), F.S., do not impose any affirmative duty on the various agencies and departments of state government other than those expressly enumerated therein, or on governmental agencies partially funded by state and local government funds, such as the Soil Conservation Service, to make information available to county tax assessors other than that covered by provisions for public records generally or required by the Department of Revenue in performance of its property tax functions. Both questions as stated are answered in the negative. Section 195.027(3), F.S., reads as follows: (3) The rules and regulations shall provide procedures whereby the assessor, the department of revenue, and the auditor general shall be able to obtain access, where necessary, to financial records relating to nonhomestead property, which records are required to make a determination of the proper assessment as to the particular property in question. Access to a taxpayer's records shall be provided only in those instances where it is determined that such records are necessary to determine either the classification or the value of the taxable nonhomestead property. Access shall be provided only to those records which pertain to the property physically located in the taxing county as of January 1 of each year and to the income from such property generated in the taxing county for the year in which a proper assessment is made. [As amended by s. 8, Ch. 74-234.] Section195.084(1) and (2), F.S., reads as follows: (1) The department shall promulgate rules and regulations for the exchange of information among the department, the assessors' offices, and the auditor general. All records and returns of the department useful to the assessor shall be made available upon his request, but subject to the reasonable conditions imposed by the department. This section shall supersede statutes prohibiting disclosure only with respect to the assessor and the auditor general, but the department may establish regulations setting reasonable conditions upon the access to and custody of such information. The auditor general and the assessors shall be bound by the same requirements of confidentiality as the department of revenue. Breach of confidentiality shall be a misdemeanor of the first degree punishable as provided by ss. 775.082 and 775.083. (2) All of the records of assessors and collectors, including, but not limited to, worksheets and property record cards, shall be made available to the department of revenue and auditor general. Assessors and collectors are hereby directed to cooperate fully with representatives of the department of revenue and the auditor general in realizing the objectives stated in s. 195.0012. Also relevant to this discussion is s. 195.072, F.S.: Cooperation of other agencies of state government. — The several departments and agencies of state government are hereby authorized and directed to render such necessary aid and assistance to the department of revenue as is required to enable the department to carry out its functions of insuring just valuation and equitable administration of property taxes in this state. As is evident, subsections195.084(1) and (2), F.S., relate only to the exchange of information between the Department of Revenue, the local assessors' offices, and the auditor general. Those sections do not therefore establish an affirmative basis for requiring the furnishing of information by any other agency of government, independent of other provisions governing public records generally, nor does s. 195.027(3), supra, which refers, in the second sentence, to access to a "taxpayer's records." Such language clearly fails to manifest legislative intent to include the state or any of its agencies and political subdivisions or the records thereof within the purview of s. 195.027, either expressly or by necessary implication. [See] 82 C.J.S. Statutes s. 317. Also see Duval County v. Charleston Lumber Mfg. Co., 33 So. 531 (Fla. 1903), and City of St. Petersburg v. Carter, et al., Railroad and Public Utilities Commission, 39 So.2d 804 (Fla. 1949). Further, the rule of construction, expressio unius est exclusio alterius, operates to exclude other than individual or corporate taxpayers and their financial records from the purview of the statute. See Alsop v. Pierce, et al., 19 So.2d 799 (Fla. 1944). The regulations adopted by the Department of Revenue confirm an interpretation of this statute as relating only to those records obtained directly or indirectly from a taxpayer. Rule 12B-1.149(2), F.A.C., sets out the procedures governing access to the records of a taxpayer and Rule 12B-1.149(3), F.A.C., states that "all records produced by a taxpayer" are deemed to be confidential. The construction of a statute by the administrative agency charged with its enforcement and interpretation is entitled to great weight and a court will not generally depart therefrom except for the most cogent reasons and unless the construction is clearly erroneous, Daniel v. Florida Turnpike Authority, 213 So.2d 585 (Fla. 1968); Miller v. Brewer Co. of Florida, 122 So.2d 565 (Fla. 1960). This being the law, the construction by the Department of Revenue is conclusive unless the courts indicate otherwise. Section 195.072, F.S., set out above, does direct the several departments and agencies of the state government to cooperate and render such necessary aid and assistance to the Department of Revenue as is required to enable that department to carry out its property tax functions, but it does not require assistance to the county tax assessors other than that required by the department in performance of its property tax functions through the assessors, nor does it refer to any relationship whatever between assessors and the several agencies of government designated in the statute.