QUESTION: Would s. 195.027(3), F.S., give the tax assessor the authority to look at a taxpayer's records, held by a real estate broker at his office, in reference to sales of or assignments of leases of property?
SUMMARY: The provisions of s. 195.027(3), F.S., and Rule 12B1. 149, F.A.C., authorize the assessor of each county to require a taxpayer to produce for examination and copying, at a time and place specified in the assessor's request, financial records relating to nonhomestead property when such records are required to make a determination of the proper classification or value of the property. This would include records belonging to the taxpayer but not actually in the physical possession of the taxpayer, including records of the taxpayer in the possession of a real estate broker or other agent relating to the sales of or assignments of leaseholds on nonhomestead property. Request for production of such records must be made of the taxpayer and not of the agent, however, in accordance with Rule 12B-1.149(2), F.A.C. Section 195.027(3), F.S., reads as follows: (3) The rules and regulations shall provide procedures whereby the assessor, the department of revenue, and the auditor general shall be able to obtain access, where necessary, to financial records relating to nonhomestead property, which records are required to make a determination of the proper assessment as to the particular property in question. Access to a taxpayer's records shall be provided only in those instances in which it is determined that such records are necessary to determine either the classification or the value of the taxable nonhomestead property. . . . Rule 12B-1.149, F.A.C., adopted pursuant to s. 195.027, F.S., reads as follows in relevant portion: (1) The assessor of each county, duly authorized representatives of the Department, and duly authorized representatives of the Auditor General shall have the right to inspect and copy financial records relating to nonhomestead property which are reasonably necessary to determine the proper assessment of the property in question. (A) Access to a taxpayer's records shall be provided only where it is determined that such records are necessary to determine both the classification and value of the taxable non-homestead property. * * * * * (C) The types of records which this section covers shall include, but not be limited to the following in the case of real property: * * * * * 8. Closing statement between buyer and seller pertaining to the most recent purchase of the property in question, * * * * * (2) The following procedures shall govern access to the records of a taxpayer: (A) The assessor or his duly authorized representative, the duly authorized representative of the Department, or the duly authorized representative of the Auditor General shall make request, in writing, of the taxpayer and shall specify in general the records requested. (B) The request shall state the purpose of the request, and the time and place at which the records shall be produced by the taxpayer. If the records are located without the county, the taxpayer shall have ten (10) days following the request in which to make them available for inspection and copying. * * * * * (D) In the event the taxpayer shall refuse, after written demand, to make production of the books and records requested, the requesting agency shall have the right to proceed with an original action in the circuit court for an application to the court for a subpoena duces tecum and production of the records in question. As is apparent from the above statute and regulation, it is the ownership of records and not the location or possession thereof which determines the right of the assessor to inspect and copy. So long as the records are financial records necessary to determine either the classification or the value of taxable nonhomestead property, they are subject to examination pursuant to the duly adopted and promulgated procedures established by the department. Section 195.027(3), F.S. The regulations provide nonexclusive examples of the type of records which may be obtained, and this would appear to include the type of information which your indicate that you seek. Rule 12B-1.149(1), supra. It should be noted that the regulations require that the request for the records shall be made of the taxpayer who then must produce them at the time and place specified in the request. Rule 12B-1.149(2), supra. No provision exists for making any request to or demand upon the taxpayer's agent or anyone else possessing the taxpayer's records. This being so, the question of the fiduciary relationship between the taxpayer and his agent does not arise. It is settled in Florida that existing statutes and regulations are entitled to a presumption of validity and must be given effect until judicially declared unconstitutional. Evans v. Hillsborough County, 186 So. 193, 196 (Fla. 1938). In addition, the construction of a statute by the administrative agency charged with its enforcement and interpretation is entitled to great weight and a court will not depart therefrom except for the most cogent reasons and unless the construction is clearly erroneous. Daniel v. Florida Turnpike Authority, 213 So.2d 585 (Fla. 1968); Miller v. Brewer Co. of Florida, 122 So.2d 565 (Fla. 1960). This being the law, the construction by the Department of Revenue is conclusive unless the courts indicate otherwise.