QUESTIONS: 1. Is the Florida State Fair Authority a state agency as defined by s. 287.012, F. S., and therefore governed by the state purchasing law? 2. Is the Florida State Fair Authority a state department, as described in s. 284.31, F. S., for which insurance coverage is authorized from the Florida Casualty Insurance Risk Management Trust Fund?
SUMMARY: The Florida State Fair Authority has not been assigned by the Legislature to the executive branch of government; therefore the authority does not appear subject to the state's purchasing law, part I, Ch. 287, F. S. The Department of Insurance which is charged with the interpretation and enforcement of part II, Ch. 284, F. S., has administratively determined that s. 284.31
excludes the authority from participation in the Risk Management Trust Fund since the word "department" refers only to departments within the executive branch of government. Further, Rule 4-30.02, F.A.C., provides for an exclusion from coverage in certain situations where self-insurance is unfeasible. The rule and the administrative construction of the statute are presumptively correct; and the rule validly promulgated under statutory authority has the force and effect of law until judicially determined otherwise. Before turning to your specific questions, it might be noted that the Florida State Fair Authority was created by Ch. 74-322, Laws of Florida, and now appears at ss.616.251-616.263, F. S. Section 1 provides, in part: There is hereby created and constituted the Florida State Fair Authority, a public body corporate and politic and special instrumentality of the state, under the supervision of the Commissioner of Agriculture, for the purposes and with the powers herein set forth. Said instrumentality, hereinafter referred to as the authority, shall have perpetual succession. For the purposes of implementing the intent of this act the authority shall be considered an instrumentality of the state. The State Fair Authority is hereby charged with the responsibility of staging an annual fair. The fair shall serve the entire state . . . . (Emphasis supplied.) Part I, Ch. 287, F. S., deals with purchasing activities by the state on behalf of state agencies and was brought into the statutes by s. 22, Ch. 69-106, Laws of Florida. Section 287.012 is the definitional section of the state purchasing law, which defines a state agency as "any of the various state officers, departments, boards, commissions, divisions, bureaus, councils, and any other unit of organization however designated."
As indicated by its title, Ch. 69-106, supra, is an act relating to the executive branch of government. Its purpose was to restructure the executive branch of government and to consolidate and reorganize existing agencies pursuant to the mandate of s. 6, Art. IV, State Const. The definition contained in s. 287.012(1), F. S., is essentially the same as the general definition of agency found in the Governmental Reorganization Act at s. 20.03(11), F. S. Consequently, it appears that the agencies covered by the state purchasing law are those agencies within the executive branch of state government. To be subject to the purchasing requirements of Ch. 287, F. S., an entity would have to be assigned within the executive branch of government by Ch. 20, F. S. (Ch. 69-106, Laws of Florida), or a later enactment. Chapter 74-322, Laws of Florida, was enacted after the Governmental Reorganization Act, and the fair authority which it created was not assigned to the executive branch of government. Therefore, the authority does not appear to be a part of the executive branch of government and is not subject to Ch. 287, F. S. Section 6, Art. IV, State Const., did not deprive the Legislature of its power to determine which functions were executive and which functions were not. Further, the Legislature can properly provide for the performance of legislative functions through some board or commission. Florida Power Corporation v. Pinellas Utility Board, 40 So.2d 350 (Fla. 1949); In re Advisory Opinion to the Governor, 223 So.2d 35 (Fla. 1969). The failure of the Legislature to assign the authority to the executive branch of government indicates that the Legislature did not regard the operation of the state fair as an executive function. Cf. AGO's 076-53 and 076-54. Therefore, by reason of its apparent omission from any part of the executive branch, the Florida State Fair Authority is not an agency within the meaning of s. 287.012, F. S., the purchasing law of Florida. Part II, Ch. 284, F. S., created the Florida Casualty Insurance Risk Management Trust Fund. Section 284.31 provides, inter alia, The insurance risk management trust fund shall, unless specifically excluded by the Department of Insurance, cover all departments of the State of Florida and their employees and agents and other authorized persons . . . . All departments of the state shall be covered by the fund unless specifically excluded by the Department of Insurance. In order to be eligible for participation in the Florida Casualty Insurance Risk Management Trust Fund or for the purchase of insurance by the Division of Purchasing, the authority must fit within the definition or classification of a department of the State of Florida, as outlined above. As was reflected in the materials furnished with your inquiry, I have been advised that the Department of Insurance has interpreted s. 284.31, F. S., as applicable only to departments or subdivisions of departments within the executive branch of state government. The authority does not appear to have been assigned to any executive department; therefore, the fair authority cannot be considered as part of the executive branch of government. Cf. s. 20.29, F. S., and AGO 076-175, relating to the Department of Citrus, which is headed by a public corporation, i.e., the Florida Citrus Commission. The administrative construction of the agency charged with the enforcement and interpretation of a statute carries great weight and is controlling in the absence of clear and cogent reasons to the contrary. Miller v. Brewer Company of Florida, Inc.,122 So.2d 565 (Fla. 1960); Daniel v. Florida State Turnpike Authority,213 So.2d 585 (Fla. 1968); Heftler Construction Co. and Subsidiaries v. Department of Revenue, 334 So.2d 129 (3 D.C.A. Fla., 1976). In light of the discretionary language contained in s. 284.31, F. S., the language of Ch. 20, F. S., and the constitutional provision, we are unable to say that the administrative construction of the Department of Insurance is clearly erroneous as a matter of law. Moreover, with reference to the Risk Management Trust Fund, the Department of Insurance has promulgated Rules 4-30.02 and 4-30.06, F.A.C., which provide, respectively, for coverage exclusion "should there occur a statutory or jurisdictional conflict making selfinsurance [i.e., participation in the Risk Management Trust Fund] unfeasible" and for workmen's compensation coverage for the judicial and legislative branches upon request. The exclusionary language of s. 284.31, F. S., which gives the department discretion in the administration of the fund, supports the promulgation of Rule 4- 30.02. The language of the rule provides a reasonable basis for exclusions from coverage and is "deemed prima facie reasonable and justified by the facts unless the facts as shown require a conclusion to the contrary." Florida Citrus Commission v. Golden Gift, 91 So.2d 657 (Fla. 1956). Rules and regulations of an administrative agency made under power conferred by statute (ss. 284.17 and 284.39, F. S.) have the force and effect of law until judicially determined otherwise. In re Briley's Estate, 21 So.2d 595 (Fla. 1945); Florida Livestock Board v. Gladden, 76 So.2d 291 (Fla. 1954). Therefore, the Department of Insurance has determined that the authority is not eligible to participate in the fund. I find nothing clearly wrong with their construction of the statute which is their responsibility. The department has determined that the authority is not a department within the meaning of s. 284.31, F. S. Even if the authority were a department covered by s. 284.31, the Department of Insurance would still have the discretion to exclude the authority from coverage, pursuant to Rule 4-30.02, F.A.C. Pursuant to Ch. 74-322, Laws of Florida, the authority is a special instrumentality of the State of Florida with the powers to sue and be sued and with perpetual existence and is a body politic and corporate. In short, the authority is a public corporation which is neither assigned to, nor made a part of, the executive branch of state government by Ch. 20, F. S. This does not mean that the authority cannot avail itself of any necessary insurance coverage available commercially or through s. 455.06, F. S.