438 So.2d 533 (1983)
Donald E. MARSHALL and Marion June Marshall, His Wife, Appellants,
v.
KARL F. SCHULTZ, INC., a Florida Corporation, and Karl F. Schultz, Individually, Appellees.
No. 82-2703.
District Court of Appeal of Florida, Second District.
September 30, 1983.
*534 John A. Shahan of Law Offices of Donald E. Scholl, Tarpon Springs, for appellants.
No appearance for appellees.
GRIMES, Judge.
Karl F. Schultz, Inc. (Schultz) sued to foreclose a mechanic's lien against appellants for work performed in building their home. Appellants counterclaimed for breach of contract, alleging defective performance and abandonment of the work. Prior to trial, Schultz voluntarily dismissed its suit for mechanic's lien. The court ultimately awarded appellants $1,000 damages on their counterclaim and attorney's fees for successfully defending the mechanic's lien action.
The evidence demonstrates that Schultz breached the contract by abandoning the construction of appellants' home. Yet, in awarding damages for the breach, the court erroneously limited appellants' recovery to the amount it cost them to cure the defects in the work that Schultz had actually completed.
Where a contractor breaches a contract by failing to complete an improvement, the owner's measure of damages is the difference between the contract price and the reasonable cost to complete the improvement in accordance with the contract. Sea Ledge Properties, Inc. v. Dodge, 283 So.2d 55 (Fla. 4th DCA), cert. dismissed, 285 So.2d 618 (Fla. 1973); C. McCormick, McCormick on Damages § 169 (1935); Annot., 76 A.L.R.2d 805, 831 (1961). The owner is also entitled to damages for delay in the completion of the improvement measured by its rental value during the period of the delay. 5 A. Corbin, Corbin on Contracts § 1092 (1964); Olson v. Quality-Pak Co., 93 Idaho 607, 469 P.2d 45 (1970); Gregory v. Weber, 51 Or. App. 547, 626 P.2d 392 (1981); Potter v. Anderson, 85 S.D. 142, 178 N.W.2d 743 (1970); Ryan v. Thurmond, 481 S.W.2d 199 (Tex.Civ.App. 1972).
The judgment for damages is reversed, and the case is remanded for a redetermination of compensatory damages.[1] In order to make an appropriate award, the court may entertain additional testimony.
BOARDMAN, A.C.J., and SCHOONOVER, J., concur.
NOTES
[1] Appellants' other points on appeal have no merit.