472 So.2d 472 (1985)
MARCO BAY ASSOCIATES, an Ohio General Partnership, the Edward J. De Bartolo Corporation, a Foreign Corporation, and Robert P. Stakick, Individually, and As Partners in Marco Bay Associates, Appellants,
v.
John VANDEWALLE, Appellee.
No. 84-1665.
District Court of Appeal of Florida, Second District.
April 17, 1985.
Rehearing Denied July 10, 1985.
*473 John F. Hooley of Woodward & Hooley, P.A., Marco Island, for appellants.
Frederick C. Kramer, Marco Island, for appellee.
OTT, Acting Chief Judge.
This is an appeal by the developers from a final summary judgment wherein the lower court granted rescission of a contract to purchase a condominium apparently for failure of appellants to file a property report and otherwise comply with the federal Interstate Land Sales Full Disclosure Act, 15 U.S.C. § 1701, et seq. (1982) ("the Act"). We reverse, having found that appellants contracted to guarantee completion of appellee's condominium unit within two years, thereby exempting themselves from the Act.
Appellee/buyer entered into a purchase contract with appellants to purchase a condominium, which was to be constructed in a Marco Island development. The contract provisions material to this appeal provide:
4. ESTIMATED COMPLETION DATE. Seller estimates that the unit will be completed and ready for occupancy by Buyer on or before Jan. 1982. However, the expression of an estimated time of delivery on the part of the Seller is made as an accommodation to Buyer to assist Buyer in formulating future plans, but it shall not be considered as time which is of the essence of this Agreement and it shall be subject to amendment by Seller should Seller's progress or plans be altered by conditions unforessen [sic] by or outside the control of Seller, and any such amendment shall not require formal or specific notice by Seller to Buyer. Buyer understands and agrees that Seller can neither imply nor guarantee a firm completion and availability date for the unit, such advance projections being, and by their nature being, and by their nature having to be, approximations only. Seller shall make reasonable effort to meet or to accelerate estimated construction schedules, but Seller shall not be obligated to make, provide or compensate for any accommodations *474 to Buyer as a result of delayed or accelerated completion.
The Seller guarantees to the Buyer that the unit described in this Agreement shall be completed and available for occupancy within two years of the date of this Agreement.
... .
13. DEFAULT... . If for any reason consummation of this transaction is prevented after acceptance of this Agreement by Seller's act, neglect or inability to deliver as per this Agreement, the Buyer shall be entitled to the refund of his deposit, plus accrued interest. In the event of the cancellation of this Agreement, then all rights and obligations hereunder shall terminate.
Pursuant to the contract, appellee deposited $14,400. Eleven months after execution, appellee attempted to rescind the contract and demanded the return of his deposit. Appellants refused and appellee brought suit.
In essence, count I of appellee's amended complaint asserted a cause of action for breach of contract. Count III of the complaint sought rescission and restoration for a violation of the Act.
Appellants admit they never registered the condominium project with the Department of Housing and Urban Development (HUD), and that they never provided appellee with the property report mandated in 15 U.S.C. § 1703(c). Appellants simply claim exemption from the application of the Act.
Appellee filed a motion for summary judgment as to counts I and III. The lower court granted summary judgment on count III, apparently finding that appellants' project was covered by the Act and the admitted violation entitled appellee to rescission by the very terms of the Act. The summary judgment for appellee on count III rendered count I moot. This timely appeal followed.
We have recently determined that the Act applies to the sale of condominiums. Appalachian, Inc. v. Olson, 468 So.2d 266, (Fla. 2d DCA 1985). Accord Dorchester Development, Inc. v. Burk, 439 So.2d 1032 (Fla. 3d DCA 1983); Nargiz v. Henlopen Developers, 380 A.2d 1361 (Del. 1977). Contra Winter v. Hollingsworth Properties, Inc., 587 F. Supp. 1289 (S.D. Fla. 1984).
Appellants claim the exemption of 15 U.S.C. § 1702(a)(1), which provides, in part:
[T]he provisions of this title ... shall not apply to 
... .
(2) ... sale or lease of land under a contract obligating the seller or lessor to erect [a condominium] thereon within a period of two years.
Courts have construed this exemption to require an unqualified and unconditional guarantee to complete the building within a two-year period. Further, any contract provision limiting the purchaser's right to affirm the contract and seek damages or specific performance is fatal to the exemption. See Dorchester Development, Inc. v. Burk, 439 So.2d at 1034; Mosher v. Southridge Associates, Inc., 552 F. Supp. 1226, 1229 (W.D.Pa. 1982).
In support of the trial court's ruling, appellee claims that the two paragraphs of paragraph 4 of the purchase contract are inconsistent, and as such, are a conditional guarantee to complete the condominium within two years. We do not agree. The contract was dated March 17, 1981. Paragraph 4 simply estimates completion by January, 1982, but guarantees completion within two years of the contract date. See also Mosher v. Southridge Associates, Inc., 552 F. Supp. at 1229 (similar provisions found to guarantee completion within two years).
We further find that paragraph 13 of the contract does not limit the purchaser's right to affirm the contract and seek damages or specific performance. While this paragraph specifically provides for the right of rescission by the buyer in the event the seller, for any reason defaults *475 (including strike, Act of God, etc.), it does not negate or exclude any right of the purchaser to proceed on the contract, unless, of course, rescission is elected.
The contrary conclusion reached by our sister court in Dorchester Development, Inc. v. Burk, is clearly distinguishable (and justified, we might add) in two significant respects. First, in the Dorchester case, there was no express contractual guarantee to complete the building within two years. Second, under the contract there, if the unit was not completed within two years the purchaser was limited to either of two options: extend the date of closing or cancel the agreement. We read the contract before us as expressly guaranteeing completion within two years and if that is not accomplished, the purchaser may rescind the contract, or affirm the contract and seek damages or specific performance.
Accordingly, we hold that appellants were exempted from the Act and thus were not required to file a property report with the appellee and HUD. The summary judgment in favor of appellee, therefore, is reversed and the case is remanded to the trial court for further proceedings.
We express no opinion as to whether the claim for summary judgment on count I would have been successful. This claim involves questions of law and fact still to be resolved by the trial court, and not by this appeal.
REVERSED and REMANDED.
DANAHY, J., and BOARDMAN, EDWARD F., (Ret.) J., concur.