502 So.2d 11 (1986)
ARVIDA CORPORATION, Appellant,
v.
Scott BARNETT and Sabrina Barnett, Appellees.
Nos. 85-2860, 86-473.
District Court of Appeal of Florida, Third District.
November 18, 1986.
Rehearing Denied February 25, 1987.
Beasley, Olle, Downs & Keihner and Pamela A. Chamberlin and James W. Beasley, Jr., Robert M. Rhodes, Miami, for appellant.
Hall, O'Brien & Cohen and Lewis Cohen, Miami, for appellees.
Before BARKDULL, HENDRY and JORGENSON, JJ.
HENDRY, Judge.
Arvida Corporation (Arvida), a developer, appeals the entry of a final summary judgment for plaintiffs/appellees Scott and Sabrina *12 Barnett (the Barnetts) granting the Barnetts rescission of their agreement to purchase a home from Arvida and ordering a refund of their deposits. Arvida also appeals the subsequent entry of an order taxing costs and attorney's fees against it. We affirm the judgment and order under review based upon the following analysis.
The instant lawsuit was grounded in part upon Arvida's failure to comply with certain disclosure requirements of the Interstate Land Sales Full Disclosure Act, 15 U.S.C. §§ 1701-1720 (1982) (ILSA), which noncompliance entitles a purchaser to rescission. 15 U.S.C. § 1703(c). Arvida concedes it did not make the required disclosures. Its position both in the trial court and on appeal is that the instant transaction is exempt from ILSA pursuant to section 1702(a)(2).
Section 1702 provides in pertinent part:
Exemptions
* * * * * *
(a) Unless the method of disposition is adopted for the purpose of evasion of this chapter, the provisions of this chapter shall not apply to 
* * * * * *
(2) the sale or lease of any improved land on which there is a residential, commercial, condominium, or industrial building, or the sale or lease of land under a contract obligating the seller or lessor to erect such a building thereon within a period of two years [.] (emphasis supplied).
The general rule is that a seller is "obligated," within the meaning of section 1702(a)(2), only if the contract contains an unconditional commitment by the seller to complete construction within two years. Dorchester Development, Inc. v. Burk, 439 So.2d 1032, 1035 (Fla. 3d DCA 1983). In Dorchester, condominium sales contracts gave purchasers the option to rescind if their units were not completed within two years. In rejecting the developer's claim for exemption from ILSA's disclosure requirements, we stated: "Where the seller is obligated to complete by a time certain, the purchaser is not limited, as here, to the remedy of rescission, but he may affirm the contract and seek damages." Id. at 1034. Cf. Marco Bay Associates v. Vandewalle, 472 So.2d 472 (Fla. 2d DCA 1985) (two year completion exemption applied where contract did not negate purchaser's right to affirm the contract and seek damages or specific performance).
With respect to remedies, the Barnetts' purchase agreement provides:
12. Default.
* * * * * *
Except as stated below, my [the Barnetts'] only remedy against you [Arvida] for your default is to obtain a refund of my deposits (without interest). .. . I will have no right of specific performance (except, anything to the contrary in this agreement notwithstanding, specific performance of the obligation to substantially complete the Unit as required in this agreement within the time period stated ... will be permitted if, but only if, specific performance of that obligation is an absolute condition for you to take advantage of the provisions of 15 U.S.C. § 1702(a)(2) ... under which this transaction is exempt from [ILSA])[.]
The same provision further prohibits the Barnetts from seeking damages in the event of Arvida's default.
Arvida, while conceding that the exemption is not available if a contract directly or indirectly waives a buyer's right to specific performance, argues that the effect of paragraph 12 is to specifically preserve that remedy rather than to negate it.
The trial court, however, found that Arvida cannot take advantage of the exemption because its contract with the Barnetts "limits the remedies available to a purchaser in the event the building is not constructed within two years." Additionally, the trial court found that "it is apparent from the face of the contract that the qualified availability of specific performance is included solely for the purpose of evading the act in violation of 15 U.S.C. § 1702(a)(2)."
*13 Although we have carefully considered Arvida's argument, it is patently clear from the plain language of paragraph 12 that the remedy of specific performance is made available to the Barnetts solely in order for Arvida to evade ILSA's disclosure requirements. Section 1702(a) expressly prohibits such a method of disposition. Accordingly, and in light of the additional contractual limitation prohibiting the Barnetts from seeking damages in the event of Arvida's default, we conclude that the trial court correctly ruled as a matter of law that the instant agreement fails to meet the statutory requirement of a bona fide obligation to construct within two years.
All other points raised by Arvida have been considered and we conclude that no reversible error has been demonstrated. Therefore, and in the absence of any genuine issues of material fact, we affirm in all respects the summary judgment under review and the award of attorney's fees and costs thereunder.
Affirmed.