522 So.2d 1035 (1988)
HAMPTONS DEVELOPMENT CORPORATION OF DADE, a Florida Corporation, Appellant,
v.
Charlotte SACKLER, Appellee.
No. 87-1976.
District Court of Appeal of Florida, Third District.
April 5, 1988.
Young, Stern & Tannenbaum and Nicolas A. Manzini, North Miami Beach, and Andrew S. Berman, Miami, for appellant.
Ostrau, Rifkin & Marcus and Norman Marcus, Plantation, for appellee.
Before SCHWARTZ, C.J., and HENDRY and DANIEL S. PEARSON, JJ.
PEARSON, DANIEL, Judge.
We affirm the summary judgment in favor of the appellee, Charlotte Sackler, in her action to rescind her contract to purchase a condominium unit from the appellant, Hamptons Development Corporation of Dade, on account of Hamptons' failure to furnish Sackler in advance of the signing of the contract a printed property report as required by Title 15, United States Code, Section 1703(a)(1)(B), a provision of the Interstate Land Sales Full Disclosure Act, 15 U.S.C. §§ 1701-1720 (1982). Contrary to the appellant's contentions we hold that: (1) the Interstate Land Sales Full Disclosure Act, pursuant to which Sackler sought rescission, see 15 U.S.C. § 1703(c), applies to the sale of condominium units, Winter v. Hollingsworth Properties, Inc., 777 F.2d 1444 (11th Cir.1985); Schatz v. Jockey Club Phase III, Ltd., 604 F. Supp. 537 (S.D. Fla. 1985); Appalachian, Inc. v. Olson, 468 So.2d 266 (Fla. 2d DCA 1985); Grove Towers, Inc. v. Lopez, 467 So.2d 358 (Fla. 3d DCA 1985); Finst Dev., Inc. v. Bemaor, 449 So.2d 292 (Fla. 3d DCA 1984); Orpheus Investments v. Ryegon Investments, 447 So.2d 257 (Fla. 3d DCA 1983); Dorchester Development, Inc. v. Burk, 439 So.2d 1032 (Fla. 3d DCA 1983); but see Note, Beyond Consumer Protection: The Applicability of the Interstate Land Sales Full Disclosure Act to Condominium Sales, 37 U.Fla.L.Rev. 945 (1985); and (2) the sale to Sackler was not exempted from the requirements of the Interstate Land Sales Full Disclosure Act since (a) there is not the slightest evidence to support the appellant's assertion that when Sackler entered into the contract to purchase the condominium she did so "for the purpose of engaging in the business of constructing residential, commercial, or industrial buildings or for the purpose of resale or lease of such lots to persons engaged in such a business," so as to bring the contract within the exemption set forth in Title 15, United States Code, Section 1702(a)(7), and (b) the contract between the parties in which, in one breath, the seller agrees "to erect the condominium building containing the subject condominium unit ... by a date no longer than two (2) years from the date of *1036 this agreement," and, in the nearly next breath, the seller warns that it "cannot guarantee the firm completion and availability date within the aforedescribed two (2) year time for completion as to any uncompleted condominium unit," does not, as it must, contain an unconditional commitment by the seller to complete the construction within a two-year period so as to bring the contract within the exemption set forth in Title 15, United States Code, Section 1702(a)(2). Compare Arvida Corp. v. Barnett, 502 So.2d 11 (Fla. 3d DCA 1986), rev. denied, 511 So.2d 297 (1987) (contractual limitation on legal remedy available to buyer makes illusory the seller's obligation to complete the construction within two years; contract not exempt from disclosure requirements of Interstate Land Sales Full Disclosure Act) and Dorchester Development, Inc. v. Burk, 439 So.2d 1032 (Fla. 3d DCA 1983) (same) with Marco Bay Associates v. Vandewalle, 472 So.2d 472 (Fla. 2d DCA 1985) (clause estimating, but not guaranteeing, the completion of construction within ten months of the execution of the contract, and thereafter guaranteeing completion within two years of the execution of the contract, exempts contract from disclosure requirements of Interstate Land Sales Full Disclosure Act).
Affirmed.