528 So.2d 420 (1988)
Richard MARLOW, Appellant,
v.
SAMARA DEVELOPMENT CORPORATION, an Illinois Corporation, and Midatlantic National Bank and Trust Company, As Successor Trustee and As Successor Escrow Agent, Appellees.
No. 4-86-2663.
District Court of Appeal of Florida, Fourth District.
June 15, 1988.
As Amended on Grant of Rehearing August 10, 1988.
Glenn M. Mednick of Gutkin, Miller, Shapiro, Selesner & Shoobe, Boca Raton, for appellant.
Kenneth W. Shapiro of Sherr, Tiballi, Fayne & Schneider, Fort Lauderdale, for appellee-Samara Development Corp.
DOWNEY, Judge.
Appellant, Richard Marlow, sued appellee, Samara Development Corporation (Samara), and others in two counts: 1) for return of her deposit made pursuant to a Condominium Purchase Contract, and 2) for damages and rescission of said contract under the Interstate Land Sales Full Disclosure Act. The trial court granted a final summary judgment for Samara on the second count from which Marlow has perfected this appeal.
The second amended complaint filed herein alleged the two counts mentioned above. In the first count for recovery of his deposit Marlow alleges that he paid Samara a deposit on account of the purchase price of a condominium that Samara was developing, and that he had fully performed his side of the bargain but Samara had breached the contract and would not return the deposit. In Count II Marlow alleges that the contract between the parties is subject to the provisions of the Interstate Land Sales Full Disclosure Act set forth in 15 U.S.C. § 1702; that Samara violated the provisions of said Act and, as a consequence of said violation, Marlow is entitled to the remedies provided in the Act, including rescission and damages.
Among other defenses, Samara contended that it was exempt from the provisions of the Interstate Act because the Act requires only that the contract provide for completion within two years, and that the buyer be afforded a remedy of specific performance or damages in the event of breach by the seller.
Both parties moved for summary judgment on Count II and the trial court granted Samara's motion. In the final summary judgment the court found that the contract in question was not subject to the Act because the provision thereof affording Marlow the remedy of specific performance *421 in the event of breach by Samara effectively exempted the contract from the provisions of the Act.
The appellate issue presented is whether the limitation in a contract, otherwise covered by the Interstate Act, that the purchaser's remedy in the event of a breach by the seller is restricted to specific performance and that no claim for damages may be pursued disqualifies the contract for exemption from the Act. The trial court ruled that a contract containing such a limitation of remedies falls within the ambit of the Act.
In Berzon v. Oriole Homes Corp., 497 So.2d 670 (Fla. 4th DCA 1986), this court appears to have ruled squarely upon the issue presented here, holding that the Interstate Land Sales Full Disclosure Act does apply to condominium sales, and that a developer may not claim an exemption from the act when a buyer's relief for violation of the contract is limited to a return of the deposit or specific performance. In so holding, this court relied on Dorchester Development, Inc. v. Burk, 439 So.2d 1032, 1035 (Fla. 3d DCA 1983), in which the court stated that "we can hardly conclude that a contract which has the effect of limiting the purchaser's remedies conforms to the requirements of the Act."
Several years later, in Schatz v. Jockey Club Phase III, Ltd., 604 F. Supp. 537 (S.D. Fla. 1985) the federal district court for the southern district of Florida cited with approval the Dorchester case, particularly the statement therein which said:
Where the seller is obligated to complete by a time certain, the purchaser is not limited, as here, to the remedy of rescission, but he may affirm the contract and seek damages. See Marshall v. Karl F. Schultz, Inc., [438 So.2d 533] (Fla.2d DCA 1983). .. . Since the Act is to be construed to effectuate its remedial purpose of protecting the land sale consumer, we can hardly conclude that a contract which has the effect of limiting the purchaser's remedies conforms to the requirements of the Act.
Id. at 542.
In Marco Bay Associates v. Vandewalle, 472 So.2d 472 (Fla. 2d DCA 1985), the Second District Court of Appeal, in holding the contract presented there was exempt under the Act, noted:
Courts have construed this exemption to require an unqualified and unconditional guarantee to complete the building within a two-year period. Further, any contract provision limiting the purchaser's right to affirm the contract and seek damages or specific performance is fatal to the exemption. See Dorchester Development, Inc. v. Burk, 439 So.2d at 1034; Mosher v. Southridge Associates, Inc., 552 F. Supp. 1226, 1229 (W.D.Pa. 1982).
Id. at 474.
Appellee relies heavily upon regulations and interpretations of the federal act by the Department of Housing and Urban Development (HUD), such as the Guidelines for Exemptions Available Under the Interstate Land Sales Full Disclosure Act, 44 Fed.Reg. 24,010 (1979), effective June 11, 1979. Said guidelines provide:
Furthermore, any conditions which qualify the obligation to complete a building within two years nullify the applicability of the exemption. Likewise, any provision which restricts the purchaser's remedy of specific performance serves to nullify the construction obligation and disqualifies the transaction for the exemption.
Id. at 24,012. With reference to the Dorchester case, the guidelines state at 49 Fed.Reg. 31,375 (1984):
Although the [Dorchester] language was broad, it is HUD's position that the court's concern regarding limitations on remedies was confined to the right to specific performance.
Id. at 31,378. Appellee concedes that its argument here is contrary to our holding in Berzon, but contends that the administrative constructions of the Act by HUD were not considered by the Berzon court. We cannot accept this latter contention because we find references to said administrative interpretations and argument concerning the applicability thereof in the briefs filed by counsel in the Berzon case.
*422 Be that as it may, since interpretations of an act by the agency empowered to enforce an act are entitled to great weight and will not be departed from except for cogent reasons and unless clearly erroneous, Daniel v. Florida State Turnpike Authority, 213 So.2d 585 (Fla. 1968), and Cohen v. School Board of Dade County, Florida, 450 So.2d 1238 (Fla. 3d DCA 1984), we are constrained to certify the following question to the Supreme Court of Florida as a question of great public importance:
IS A CONTRACT FOR THE SALE OF A CONDOMINIUM IN FLORIDA EXEMPT FROM THE PROVISIONS OF THE INTERSTATE LAND SALES FULL DISCLOSURE ACT, 15 U.S.C. § 1710, WHERE IT PROVIDES FOR COMPLETION WITHIN TWO YEARS BUT RESTRICTS THE BUYER'S REMEDIES FOR BREACH OF THE CONTRACT BY THE SELLERS TO A RETURN OF THE DEPOSIT OR SPECIFIC PERFORMANCE, OR MUST THE CONTRACT ALSO AFFORD THE BUYER THE ALTERNATIVE REMEDY OF A SUIT FOR DAMAGES?
The final summary judgment in favor of Samara Development Corporation is reversed and the cause is remanded to the trial court with instructions that appellee Samara Development Corporation's Motion for Summary Judgment as to Count II of Plaintiff's Second Amended Complaint should be denied, and appellant's Motion for Summary Judgment as to Count II of Plaintiff's Second Amended Complaint should be granted, and final summary judgment entered in favor of appellant, Richard Marlow, and for further proceedings in accordance herewith.
GUNTHER, J., and VITALE, LINDA L., Associate Judge, concur.